PER CURIAM.
Plaintiff-appellant seeks review of the lower court’s final judgment entered in fa *331 vor of defendant in a suit to impress a constructive trust on certain real property.
Appellant, James E. Ament, alleged that in June 1967, the appellees James Terry Ament and his wife, Ruth (appellant’s son and daughter-in-law), requested a $5,000 loan for the purchase of a home. He further alleged that in exchange for the loan, appellees agreed to give appellant a note secured by a mortgage on the house. On July 1, 1967 appellant sent a $5,000 cashier’s check, payable to “James T. Ament”, to his son who immediately cashed it. On July 6, 1967 appellees purchased the house and took title jointly. Nevertheless, they never executed the note and the mortgage even though allegedly requested to on many occasions by the appellant. Appellant did receive two (2) $50 checks signed by appellee, Ruth Ament; however, there was disputed testimony as to whether these were payments on the $5,000 loan or another unrelated $100 loan. In April 1969, Ruth and James were divorced and as part of the property settlement, James executed a quitclaim deed to Ruth who thereby was given a fee simple title to the home. On August 6, 1970 appellant filed suit to establish and impress a constructive trust on the subject property. The court found in favor of appellee Ruth Ament but against appellee James T. Ament in the amount of $5,000. This appeal followed.
Appellant contends that it was error for the lower court not to have impressed a constructive trust on the subject property.
It is well established that the court is without authority to interfere with a final decree of a chancellor if there is substantial evidence in the record to sustain the findings and conclusions of fact expressed in the decree. 2 Fla.Jur. Appeals § 347 (1963). This statement is more sound where, as in the case sub judice, the trial court has had the opportunity to hear the testimony of the witnesses and observe their demeanor and conduct, elements which may affect the degree of credibility which should be accorded to their testimony. Cole v. Cole, Fla.App.1961, 130 So.2d 126.
It follows then that after a review of the record and no abuse of discretion having been made to appear, the judgment appealed must be and hereby is affirmed.
Affirmed.