306 So.2d 555 (1975)
Anna LEITNER, Appellant,
v.
Emory J. WILLAFORD, Appellee.
Nos. 74-348 and 74-565 to 74-567.
District Court of Appeal of Florida, Third District.
January 21, 1975.
*556 Korner & Sampson, Coral Gables, for appellant.
Leonard Frishman, Coral Gables, and Barry J. Clyman, for appellee.
Before PEARSON, HENDRY and NATHAN, JJ.
HENDRY, Judge.
This consolidated appeal involves an effort by the appellant to impose a constructive or resulting trust upon the assets of the defendant-appellee and his former wife and also to foreclose a mortgage upon the couple's marital residence.
The appellant is the grandmother of the appellee's ex-wife. The marriage of the appellee and his wife was dissolved by a circuit court decree dated September 11, 1973, which decree is included in the record on appeal.
By the express terms of the final decree, the court determined that neither party established any special equity in the marital home, which is involved in this case, and the property was declared subject to a partition suit.
The record shows that during the pendency of the dissolution proceeding, the appellant filed her complaint seeking to impose a resulting or constructive trust on money which the appellant allegedly loaned to the appellee and his wife during their marriage.
The record also shows that on the same day in which the appellant filed her complaint, the appellee's ex-wife, Patricia Joan Willaford, executed and delivered to her grandmother, the appellant, a mortgage deed covering the marital residence.
On the face of the deed, the appellee's name is crossed out in three places, and he neither joined nor consented in the deed.
It further appears that the mortgage secured a promissory note totaling $41,269.00, which is exactly the sum which the appellant alleged in her complaint that she had loaned the couple during their marriage.
We do not deem it necessary to unduly lengthen this opinion by tracing the various procedural steps undertaken by the parties. It is sufficient to note that by a judgment on the pleadings and by entry of a summary judgment the trial court entered judgments in favor of the appellee.
On appeal, the appellant has raised two points in support of her contention that the court below committed reversible error.
First, appellant argues that the court erred by entering a judgment on the pleadings in favor of the appellee where the appellant properly alleged a cause of action for a constructive trust.
In her complaint, the appellant averred that she "loaned" money to the appellee and his former wife so that the couple could purchase the marital home and pay off other debts they had incurred.
Further, appellant alleged that she had sought security for the loans, but the appellee and his ex-wife refused to provide it. Appellant contended that it was only by virtue of the family relationship and the trust and confidence which she placed in the appellee and his ex-wife that she made the loans.
The appellee advanced several affirmative defenses to the appellant's claim, the chief of which was that any monies advanced by the appellant were in the form of a gift to her granddaughter.
In our opinion, the trial court was correct in determining that the complaint failed to state a cause of action entitling the appellant to impress a constructive trust.
In the first place, we think the appellant has not shown a res upon which a constructive trust might be based. See, *557 Colony Hotel, Inc. v. Pokress, Fla. 1956, 88 So.2d 618.
Secondly, our reading of the complaint convinces us that the appellant has failed to state any facts which tend to show that the appellee or his former wife abused any confidence reposed in them by the appellant or employed any other fraudulent or questionable means for obtaining money from her. See, Fickling Properties, Inc. v. Smith, 1936, 123 Fla. 556, 167 So. 42; Ament v. Ament, Fla.App. 1973, 278 So.2d 330.
As her second point on appeal, the appellant contends that the trial court erred by declaring the mortgage which was given to her by her granddaughter to be null and void.
The central issue under this point is whether or not Patricia Joan Willaford had the legal capacity on August 21, 1973 to encumber property which was held during the marriage as a tenancy by the entirety. We hold that she did not.
It is the law that property held by the entireties may not be encumbered or alienated without the joint action of both parties; one party may not act so as to defeat the other's rights in the property. Anderson v. Trueman, Fla. 1930, 100 Fla. 727, 130 So. 12; Tingle v. Hornsby, Fla. App. 1959, 111 So.2d 274.
Appellant argues, however, that when the mortgage deed was executed the marriage had been orally dissolved by the trial court on the same day, and therefore the property was no longer held by the entireties, but as tenants in common.
Appellant relies on the cases of Berkenfield v. Jacobs, Fla. 1955, 83 So.2d 265; and McKendree v. McKendree, Fla.App. 1962, 139 So.2d 173 as support for her position.
We find that the rule of law applied in each case was that a divorce decree is not effective until it is reduced to writing and signed by the chancellor, and that oral pronouncements of the court are not construed as final in nature.
The exception alluded to in the Berkenfield case, and heavily relied upon by the appellant, is a narrow one, and we decline to extend it to the facts involved in this case.
We hold that the decree dissolving the marriage was not final until September 11, 1973, and that at the time the mortgage deed was executed and delivered the property still was held as a tenancy by the entirety. Therefore, the court was correct in determining that the mortgage was a nullity.
Accordingly, the judgments appealed hereby are affirmed.
Affirmed.