414 So.2d 1164 (1982)
Marilyn JARIS, Personal Representative of the Estate of Louis Tucker, Deceased, Appellant,
v.
Ann R. Adams TUCKER, Appellee.
No. 81-915.
District Court of Appeal of Florida, Third District.
June 8, 1982.
*1165 Leonard E. Zedeck and Adam Kurlander, North Miami Beach, for appellant.
John F. Harkness, Young, Stern & Tannenbaum and Glen Rafkin, North Miami Beach, for appellee.
Before HUBBART, C.J., and BARKDULL, HENDRY, SCHWARTZ, NESBITT, BASKIN, DANIEL S. PEARSON, FERGUSON and JORGENSON, JJ.

ON MOTION FOR REHEARING EN BANC
PER CURIAM.
A panel of this court having concluded that a court is empowered to render a nunc pro tunc judgment of dissolution after the death of one of the parties, we granted the appellee's motion for rehearing en banc because this conclusion creates a lack of uniformity with this court's decision in Leitner v. Willaford, 306 So.2d 555 (Fla. 3d DCA 1975).[1]See Fla.R.App.P. 9.330(a); Puga v. Suave Shoe Corp. (Fla. 3d DCA 1982) (Case No. 81-187, opinion filed June 1, 1982). Upon consideration en banc, we hold that a court is not empowered to render a nunc pro tunc judgment of dissolution after the death of one of the parties.
On October 27, 1980, at the final hearing in the marriage dissolution proceedings between Ann Tucker and Louis Tucker, the trial court orally pronounced its judgment:
"The Court has examined the file, considered the evidence before it and has been made aware that the respondent counter-petitioner husband is presently in Intensive Care at the hospital suffering from the disability of cancer and the removal of his larynx.
"The Court having heard the testimony of the petitioner and her witness and having considered the stipulations of the parties concerning the marital property has jurisdiction of the parties and subject matter hereto, finds the marriage to be irretrievably broken and dissolves the marriage.
"In accordance with a stipulation, the property is to be registered with a real estate broker and the home sold. The net proceeds of the sale are to be divided equally between the parties.
"The Court will reserve jurisdiction of the parties and subject matter hereto for the purpose of the enforcing and the carrying out of the terms and conditions of the stipulation for the sale of the home as well as reserving jurisdiction for the purpose of determining the ownership of certain personal property located within the marital home for which the wife has made a claim for numerous articles of furniture and furnishings therein.
"The parties have agreed that the respondent husband's attorney shall submit to the petitioner wife's attorney a list of those items of personal property in the marital home which the husband has claimed as his separate property; it being noted that the wife's attorney has already furnished to the respondent's attorney a list of that property that the wife is claiming as her separate property.
"The Court being aware that counsel attempted to stipulate on the division of the property  by reason of the sale of the marital home, the petitioner wife has withdrawn her demand or request for sole and exclusive possession of the marital home and for award of the marital home by way of alimony.
"The respondent husband and counter-petitioner has withdrawn by announcement of his attorney the counter-petitioner *1166 husband's demand for a special equity in the home.
"Each party shall bear their own attorneys fees and costs.
... .
"The parties have agreed that all stock evidenced by stock certificates or stock records of brokerage firms showing certain stocks resting in the joint names of the parties  The parties have agreed that such stock will be sold and the proceeds equally divided.
"Such stock registered or listed in the name of either of the individual parties, the parties are agreeing will become the sole property of that individual party... ."
The court instructed the husband's counsel to prepare and submit the written final judgment. Four days later, before the prepared written judgment was delivered to the court for signing, Louis Tucker died. Thereupon, Ann Tucker moved to abate the dissolution proceeding. The trial court granted the motion and dismissed the cause upon a finding that Louis Tucker expired prior to the signing of a final judgment of dissolution of marriage. Louis Tucker's personal representative appeals.
The personal representative contends that the trial court's oral pronouncement dissolving the marriage was effective to terminate the marriage before Mr. Tucker's death. She recognizes that a final judgment of dissolution is not effective until it is reduced to writing and signed by the court. She says, however, that where a court, as here, has orally pronounced its decision on the matters submitted to it for adjudication and unequivocally expressed its intention that that decision be incorporated in the written judgment, the court is empowered to enter the written judgment nunc pro tunc as of the day it was orally pronounced.
It is true that in the ordinary case the death of a party does not deprive a court of the power to enter a post-mortem nunc pro tunc judgment.[2]Becker v. King, 307 So.2d 855, 858 n. 2 (Fla. 4th DCA 1975). However, this general principle does not apply to actions to dissolve a marriage, since the death itself has already terminated the marriage. Sahler v. Sahler, 154 Fla. 206, 17 So.2d 105 (1944); McKendree v. McKendree, 139 So.2d 173 (Fla. 1st DCA 1962); see Leitner v. Willaford, supra; cf. Baggett v. Baggett, 309 So.2d 223 (Fla. 2d DCA 1975); Becker v. King, supra (where written final judgment dissolving marriage entered prior to death of one party, court can enter nunc pro tunc judgment respecting other matters which it had theretofore orally decided).
"[The rule] is to the effect that a `Nunc pro Tunc' decree cannot be entered where one of the parties to a divorce dies before the rendition of a Decree.
... .
"Obviously there can be no judgment of divorce rendered after the death of either of the parties, since that event of itself terminates the status of marriage. Consequently where a party to a divorce suit dies before the rendition of a decree, none can be entered." Sahler v. Sahler, supra, 154 Fla. at 210, 17 So.2d at 107.
This is still the law of this state[3] and controls the case before us.[4],[5]
Affirmed.
NOTES
[1] Upon the grant of rehearing en banc, the panel opinion was vacated.
[2] A nunc pro tunc judgment must, of course, relate back to a decision actually made and cannot be a judgment that had not theretofore been pronounced. Ellis v. State, 100 Fla. 27, 129 So. 106 (1930); Becker v. King, 307 So.2d 855 (Fla. 4th DCA 1975).
[3] While Sahler does not stand alone in declaring that there can be no post mortem nunc pro tunc divorce decree, see, e.g., Black v. Industrial Commission of Arizona, 83 Ariz. 121, 317 P.2d 553 (1957); Larson v. Larson, 89 S.D. 575, 235 N.W.2d 906 (1975); Richmond v. Richmond, 326 Ill. App. 234, 61 N.E.2d 573 (1945), other courts have taken less absolute positions. See, e.g., Roeder v. Roeder, 103 Wis.2d 411, 308 N.W.2d 904 (Wis. Ct. App. 1981) (oral pronouncement of divorce sufficient to dissolve marriage); Mabry v. Barid, 203 Okla. 212, 219 P.2d 234 (1950) (same); In re Tabery, 14 Wash. App. 271, 540 P.2d 474 (1975) (entry of nunc pro tunc divorce decree after case orally and fully adjudicated and death of party within court's inherent power to be used as justice may require); Tiedman v. Tiedman, 400 Mich. 571, 255 N.W.2d 632 (1977) (where oral pronouncement contemplates later entry of written judgment, written judgment cannot be entered nunc pro tunc; but oral judgment declared as the final judgment is sufficient to dissolve marriage); Dunn v. Dunn, 439 S.W.2d 830 (Tex. 1969) (oral judgment sufficient where state rule provides that oral judgments are valid).
[4] It is true that in Sahler, the oral pronouncements of the court were tentative, and in McKendree, the court specifically reserved ruling and contemplated further argument on the matter submitted to it for adjudication. Although it can be argued that these cases are factually distinguishable from the present one in which a certain and definite oral disposition was made, that certainty and definiteness is immaterial where, as Sahler so absolutely declares, a post-mortem nunc pro tunc decree cannot, in any event, be entered.
[5] We fully recognize that our holding gives Mrs. Tucker, a sixty-two-year-old woman married for eighteen months to a seventy-seven-year-old man, the status of widow with its attendant property rights, a result which the dissolution proceedings obviously sought to prevent. This ostensibly harsh result and the impact of Sahler can, however, be avoided by the simple precaution of having the court enter a written final judgment dissolving the marriage at the conclusion of the final hearing, leaving all other decided matters for a subsequent nunc pro tunc judgment. See Baggett v. Baggett, supra; Becker v. King, supra.