139 So.2d 173 (1962)
Arthur C. McKENDREE, Appellant,
v.
Dorothy T. McKENDREE, Appellee.
No. D-7.
District Court of Appeal of Florida. First District.
March 22, 1962.
Warren E. Thomas, Jacksonville, for appellant.
John S. Duss, Jacksonville, for appellee.
STURGIS, Judge.
This is an appeal by the defendant husband from a final decree of divorce in favor of plaintiff wife entered nunc pro tunc following her death.
The wife's complaint charged her husband with habitual indulgence in violent and ungovernable temper and habitual intemperance, and in addition to a prayer for divorce sought alimony, suit costs, and to be allowed a reasonable fee for the services of her attorney. The husband's answer denied the material allegations of the complaint and counter-claimed for divorce on the ground of extreme cruelty. He also sought an adjudication of an alleged equity in property, real and personal, the legal title and possession of which was held by the wife.
The officially reported and transcribed testimony was taken before the chancellor who on April 27, 1961, made certain findings and pronouncements substantially to the effect: That both parties were guilty of conduct sufficient to support a decree of divorce, so that it was necessary to apply the doctrine of comparative rectitude as recognized in this state, on which basis the plaintiff wife was entitled to prevail; that all property, real and personal, in the possession of the wife and standing in her name, constitutes her separate property, as to which the defendant husband has no interest; that it was his purpose to deny the wife's prayer for permanent alimony and attorney's fees, to leave the parties in status quo with respect to debts incurred by each, and to require delivery to the wife of certain wearing apparel. At that juncture counsel for plaintiff urged the chancellor to reconsider his announced intention to deny the wife's prayer to be allowed a reasonable attorney's fee for the services of her solicitor, to which the chancellor responded as follows:
"* * * I'll not foreclose that possibility and I'll hold up the entry of a Final Decree until you gentlemen have had a chance to argue the law on that."
*174 The plaintiff died prior to the entry of a final decree. The next action in the case is a suggestion of death and motion for entry of decree of divorce as of April 27, 1961 (the date of the above findings and pronouncements), filed May 24, 1961, by the administrator of the estate of said decedent. The motion asserted that the movant was concerned with the question of whether Mrs. Della Gooding Thomas, as the surviving mother of the decedent, was the sole surviving heir at law of the decedent, or whether the defendant in this suit is the surviving spouse of the decedent and as such her sole surviving heir at law. While the motion conceded that the action for divorce abated on May 12, 1961, the date of plaintiff's death, it was movant's position that the court had jurisdiction to determine, by an appropriate order, whether the above mentioned proceedings, findings and pronouncements of April 27, 1961, in effect amounted to the rendition of a decree adjudicating the marital status and property rights of the plaintiff and defendant as of that date. On that predicate the movant prayed the court to enter a final decree nunc pro tunc in accordance therewith, to take effect as of April 27, 1961. The decedent's mother, Mrs. Della Gooding Thomas, also filed a petition to like effect.
On May 26, 1961, the court entered a final decree of divorce nunc pro tune as of April 27, 1961, reciting, inter alia, that the marital status, as well as the property rights of the plaintiff and defendant, were fully and finally adjudicated by the court on April 27, 1961, and that the plaintiff was entitled, at any time from April 27, 1961, to the date of her death, to have a final decree of divorce signed and recorded, stating that such would have been done had plaintiff's counsel submitted a decree prior to her death. On this non sequitur the final decree dated May 26, 1961, was entered nunc pro tunc as of April 27, 1961, and this appeal seeks review thereof.
The pivotal question is whether the death of the plaintiff wife operated to divest the court below of power to enter the subject final decree nunc pro tunc as of a date prior to her death.
In Sahler v. Sahler, 154 Fla. 206, 17 So.2d 105, and cases cited therein, it is held, and we agree, that a final decree of divorce nunc pro tunc cannot be entered where one of the parties to the action dies before the rendition of the decree, that oral pronouncements of the chancellor cannot be construed to be a final decree, and that even if the chancellor announces a decree, it cannot become effective until it is reduced to writing and signed by the chancellor. As succinctly stated by Mr. Chief Justice Davis, speaking for the Florida Supreme Court in Price v. Price, 114 Fla. 233, 153 So. 904, 905:
"* * * the marital relation, being a purely personal one, is terminated by the death of either of the parties and * * * a suit for divorce is purely a personal action which cannot survive the death of either party."
Berkenfield v. Jacobs (Fla. 1955), 83 So.2d 265, relied upon by appellee, is not in point for the reason that the final decree there involved had been reduced to writing, signed by the chancellor, and filed with the clerk of court prior to the death of the husband. The validity of that decree was sustained on the premise that all judicial labor had ended. In the case on review, however, no decree had been prepared. Moreover, it affirmatively appears that on April 27, 1961, the chancellor ruled that further argument would be permitted prior to entry of the final decree, thus foreclosing the notion that the judicial labor in this case had ended.
Having concluded that the chancellor was without power to enter the decree appealed, it is unnecessary to discuss the remaining assignments of error. The final decree herein must be and it is
Reversed.
WIGGINTON, Acting C.J., and RAWLS, J., concur.