309 So.2d 223 (1975)
Patricia Vann BAGGETT, Administratrix of the Estate of Billy W. Baggett, Deceased, Appellant,
v.
Joan Joyce BAGGETT, Appellee.
No. 74-675.
District Court of Appeal of Florida, Second District.
March 12, 1975.
Rehearing Denied April 4, 1975.
*224 Raymond A. Alley, Jr. of Trinkle, Redman, Clawson, Alley & Swanson, Brandon, for appellant.
Arnold D. Levine of Levine, Freedman & Hirsch, Tampa, for appellee.
SCHEB, Judge.
By this appeal the appellant, administratrix of the estate of her late husband, Billy W. Baggett, challenges entry of an order on a petition for rehearing requiring conveyance of the decedent's interest in certain real estate to his former wife, Joan Joyce Baggett, the appellee. For convenience we refer herein to the appellant's decedent, Billy W. Baggett, as "former husband" and to Joan Joyce Baggett, the appellee, as "former wife."
On July 17, 1972, the lower court entered a final judgment dissolving the marriage of Billy W. Baggett and Joan Joyce Baggett and providing for child support and custody with the former wife being granted the exclusive use of the marital home and contents and awarded a station wagon as lump-sum alimony. The former wife filed a timely petition for rehearing or in the alternative a motion to set aside, amend or modify the final judgment. By her petition the former wife sought revision of the final judgment as to child support and visitation rights, title to an automobile held jointly by the former husband and one minor child, and alleged the court's judgment did not support a denial of periodic alimony or the denial of an award of the marital house and contents to the former wife as lump-sum alimony. We emphasize there was no challenge to the judgment insofar as it relates to the dissolution of the marriage. Billy W. Baggett remarried on September 22, 1972, died *225 on October 4, 1972 and his widow, Patricia Vann Baggett became administratrix of his estate and is the appellant herein.
The court viewed the former wife's petition as one for rehearing and as a result of the proceedings on October 4, 1972, found that Billy W. Baggett should convey all of his interest in certain real property which formerly constituted the marital home of the parties to his former wife as and for lump-sum alimony. Shortly after the court made such pronouncement, and prior to entry of any written order, the former husband died. The former wife moved the court to enter a written order consonant with its oral order. After the appellant, as administratrix of the estate of Billy W. Baggett, deceased, was made a party to the proceedings on February 15, 1974, the court entered such an order on May 20, 1974 nunc pro tunc as of October 4, 1972, ordering a conveyance by Billy W. Baggett of all his right, title and interest in the property to the former wife, stipulating that if no conveyance was made within three days from the date of the order that the court's judgment would convey title to the former wife.
Appellant contends the lower court was without jurisdiction to enter the complained of order. We disagree with appellant. We distinguish the case sub judice from Sahler v. Sahler, 1944, 154 Fla. 206, 17 So.2d 105, and McKendree v. McKendree, Fla.App. 1st 1962, 139 So.2d 173, relied upon by appellant. In both Sahler and McKendree one of the parties to a divorce proceeding died prior to entry of the final decree of divorce and in each case the court held that nunc pro tunc decrees could not be entered terminating a marriage which by time of entry of the decree had been terminated by death of a party. In the case sub judice the final judgment of dissolution of marriage had been signed by the court and recorded prior to the death of appellant's decedent.
Appellant argues that failure of the lower court to reduce its verbal pronouncement of October 4, 1972 to writing prior to the death of the former husband (who died later that day) deprives the court of jurisdiction to enter the complained of order. We hold that this does not adversely affect the power of the court to render its decision, nor does it affect the validity of the order since the full hearing was held and participated in by the former husband prior to his death. Accordingly we hold the matter had ripened and matured for judicial determination. See Becker v. King, Fla.App. 4th 1975, 307 So.2d 855. See also Annotations in 3 A.L.R. 1403 and 68 A.L.R. 261.
We find no merit in appellant's contention that the deceased husband's heirs at law became vested with his interest in the real estate in question at the time of his death. Suffice it to say that since the timely petition for rehearing addressed itself to rights in real estate involved in the decree of dissolution, subsequent inheritance was surely subject to divestment as certainly as in the case of heirs at law who may be divested of their interest by the decedent's creditors.[1]
Finding no error in the proceedings below culminating in entry of the lower court's order on the petition for rehearing on May 29, 1974, the judgment of the lower court is affirmed.
McNULTY, C.J., and HOBSON, J., concur.
NOTES
[1] Fla.Jur., Descent & Distribution, § 88. "It is a general rule that heirs and distributees have the same status in regard to the property of their intestate as the ancestor himself had. They take precisely what he leaves and no more. They stand in his place with no greater or other right in respect to intestate property than the ancestor himself had."