421 So.2d 48 (1982)
Cora MESSANA, Appellant,
v.
Frank Lawrence MESSANA, As Personal Representative of the Estate of Frank Messana, Appellee.
No. 80-1803.
District Court of Appeal of Florida, Fourth District.
October 27, 1982.
Edna L. Caruso and Johnson & Bakst, P.A., West Palm Beach, for appellant.
Louis L. Williams of Farish, Farish & Romani, West Palm Beach, for appellee.
GREEN, OLIVER L., Jr., Associate Judge.
This is an appeal by the wife from a final judgment of dissolution signed after the husband's death "nunc pro tunc" as of a date prior to the death. The wife and the husband's personal representative agree that the husband died and that the wife moved to dismiss the suit before the nunc pro tunc judgment was signed, but the parties disagree on whether the trial court had orally granted dissolution prior to the death. We need not, however, determine whether the trial court had orally granted a dissolution because an oral dissolution is not effective under Florida law. Jaris v. Tucker, 414 So.2d 1164 (Fla. 3d DCA 1982) (en banc); Sahler v. Sahler, 154 Fla. 206, 17 So.2d 105 (1944). When a party to a divorce action dies before the trial court signs a written order of dissolution, the trial court must dismiss the action. Id. Accordingly, the judgment is vacated and this cause is remanded with instructions to dismiss.
GLICKSTEIN and HURLEY, JJ., concur.