507 So.2d 722 (1987)
John Harvey JOHNSON, Appellant,
v.
Cynthia FEENEY, As Personal Representative of the Estate of Helen Mae Johnson, Appellee.
No. 86-1914.
District Court of Appeal of Florida, Third District.
May 19, 1987.
Rehearing Denied June 23, 1987.
*723 Rassner, Rassner, Kramer & Gold and Alan Gold, South Miami, for appellant.
Carl Di Bernardo and W. Dan Hanford, Miami, for appellee.
Before HUBBART, NESBITT and BASKIN, JJ.
PER CURIAM.
This is an appeal by the husband John Harvey Johnson from a final judgment of marriage dissolution entered below, which, in addition to dissolving the marriage, affected the parties' property rights. It appears without dispute, that the wife Helen Mae Johnson died  and a suggestion of death was filed below to that effect  after the final judgment was entered, but before the trial court had ruled on a timely motion for rehearing filed by the husband. Under these circumstances, we conclude that the final judgment under review is void and should have been vacated below upon proper motion filed by the husband. We reach this result based on the following briefly stated legal analysis.
First, the death of a party to a marriage dissolution action before a final judgment is entered terminates the marriage relationship by operation of law and divests the trial court of jurisdiction to issue a final decree. Sahler v. Sahler, 154 Fla. 206, 17 So.2d 105 (1944); Price v. Price, 114 Fla. 233, 153 So. 905 (1934); Jaris v. Tucker, 414 So.2d 1164 (Fla. 3d DCA 1982) (en banc); McKendree v. McKendree, 139 So.2d 173 (Fla. 1st DCA 1962). Second, a judgment entered by a trial court is not final while a timely motion for rehearing remains pending. State ex rel. Owens v. Pearson, 156 So.2d 4, 7 (Fla. 1963); Pruitt v. Brock, 437 So.2d 768, 772 (Fla. 1st DCA 1983); Dixon v. Dixon, 184 So.2d 478, 482 (Fla. 2d DCA 1966), cert. discharged, 194 So.2d 897 (Fla. 1967); Cocalis v. Cocalis, 103 So.2d 230, 233 (Fla. 3d DCA 1958). Third, it therefore follows that the death of one of the parties to a marriage dissolution action after the entry of judgment, but before the trial court rules on a timely motion for rehearing and thereby terminates all judicial labor at the trial level, as here, terminates the marriage by operation of law and divests the trial court of jurisdiction to make the judgment final.
The final judgment of marriage dissolution is reversed and the cause is remanded to the trial court with directions to dismiss the action below.