587 So.2d 508 (1991)
Shirley REOPELLE, Appellant,
v.
John G. REOPELLE, et al., Appellees.
No. 90-1522.
District Court of Appeal of Florida, Fifth District.
September 19, 1991.
Rehearing Denied October 14, 1991.
*509 Patti A. Christensen of Dobson & Christensen, P.A., St. Augustine, for appellant.
No appearance for John G. Reopelle.
Karen T. Brandon of Karen Thompson Brandon, P.A., Melbourne, for appellee Gloria A. Reopelle.
PETERSON, Judge.
Shirley Fernandez Reopelle appeals a final order in a dissolution proceeding which denied her petition to dissolve nunc pro tunc her deceased husband's earlier marriage to Gloria Reopelle. She also appeals the court's grant of Gloria's motion to strike Shirley's motion for rehearing because she lacked standing as a party to the proceedings. The trial court allowed Shirley to intervene only for the purpose of this appeal. We vacate the final order and remand.
The action began on March 4, 1988, when John G. Reopelle filed a petition to dissolve the earlier marriage to Gloria. Gloria answered on March 16, 1988, and filed a counterpetition. Both parties alleged that the marriage was irretrievably broken.
On September 15, 1988, an unrecorded final hearing was held on the petitions, and a "Final Judgment Dissolving Marriage" was filed on October 13, 1988. The judgment awarded to Gloria as lump sum alimony John's special equity in the couple's only major asset, their home. The final judgment, which was prepared by Gloria's trial counsel, did not contain a finding that the marriage was irretrievably broken.
A rehearing was held on October 24, 1988, upon John's motion and dissatisfaction with only the award of property in the final judgment, and an amended final judgment entered on November 30, 1988, changed the distribution of assets. The amended judgment, also prepared by Gloria's trial counsel, fails to state that the marriage was irretrievably broken or dissolved. Although John's attorney apparently brought the omission to the attention of the trial judge and although the trial judge apparently indicated to the attorney that he would insert the language, this was not accomplished. Evidently, John's attorney withdrew representation shortly after this, and the oversight went uncorrected. Gloria, in turn, filed through new counsel a motion for another rehearing, alleging only dissatisfaction with the property award. The court's eventual resolution of this motion was to hold a new hearing on the basis of inadequacy of Gloria's counsel, weight *510 of the evidence, and exclusion of Gloria's counsel from in camera proceedings. Neither John's nor Gloria's motions complained that the marriage should not have been dissolved. The only complaints were directed toward division of the property.
The new hearing ultimately was set for January 31, 1990. In the interim, however, John married Shirley and subsequently died. On the date of the scheduled hearing, Gloria filed a suggestion of death which included John's death certificate naming Shirley as the surviving spouse. Gloria then proceeded ex parte at the hearing. Following this hearing, a new final order was issued which dismissed the dissolution action, declared Gloria to be John's legal widow, and declared void any subsequent marriage by John. Shirley learned of this order when she received a copy by mail and moved pro se for rehearing, alleging that she was John's widow. She then secured counsel who moved to intervene and substitute Shirley for John as a party and objected to the entry of the order. The court then entered the order, from which this appeal ensued, denying Shirley's motion for entry of an amended final judgment dissolving the marriage nunc pro tunc to October 13, 1988, the date of entry of the first "Final Judgment Dissolving Marriage." Additionally, the order:
(1) Struck Shirley's motion for rehearing based upon a finding of lack of standing, but allowed intervention on appeal.
(2) Found that John's marriage to Gloria was terminated by death, not dissolution, and therefore Gloria was the legal widow.
(3) Found that any marriage subsequent to the one solemnized with Gloria was null and void.
(4) Dismissed the petition for dissolution.
(5) Ordered Shirley not to encumber, spend, dissipate, or otherwise alienate any property or benefits she received as a result of John's death.
(6) Directed the funeral home and military and governmental organizations to amend all documents necessary to amend John's death certificate to show Gloria as the widow and that Gloria, rather than Shirley, was entitled to all rights and benefits as a result of John's death.
We must first determine whether Gloria's marriage to John was terminated in the absence of that finding in the final and amended final judgments. In her amended brief, Gloria states:
Even if the parties agree the marriage is irretrievably broken, the court must make a formal finding that it is broken based on evidence educed. An oral finding is insufficient (Nelms v. Nelms, 285 So.2d 50 ([Fla. 4th DCA] 1973)). Such a finding is a necessary judicial act. McClelland v. McClelland, [318 So.2d 160 (Fla. 1st DCA 1975)].
Neither of the cases cited stands for the proposition that a written finding that the marriage is irretrievably broken is required in the order dissolving the marriage. Both of these cases hold simply that the court must make a finding that the marriage is irretrievably broken, even if both parties to the dissolution agreed in their petitions that the marriage was in fact irretrievably broken. They do not hold that this finding must be written. Gloria then cites to numerous cases "which plainly state that the necessary findings must be reduced to writing and signed": Sahler v. Sahler, 154 Fla. 206, 17 So.2d 105 (1944); Messana v. Messana, 421 So.2d 48 (Fla. 4th DCA 1982); Jaris v. Tucker, 414 So.2d 1164 (Fla. 3d DCA), dismissed, 419 So.2d 1198 (Fla. 1982); Leitner v. Willaford, 306 So.2d 555 (Fla. 3d DCA 1975); and Silvern v. Silvern, 252 So.2d 865 (Fla. 3d DCA 1971). These cases, however, simply hold that, before a decree in a divorce suit can become effective, it must be signed by the judge and duly recorded. None of these cases holds that, to be valid, the instrument dissolving the marriage must include any specific or "magic" phrases.
In the instant case, there is no evidence to support a conclusion that the trial court did not find the marriage to be irretrievably broken. In both the final judgment and the amended final judgment, a division of property was made. Both parties to this appeal agree that property *511 rights could not have been determined unless the marriage had been dissolved. We hold that the order entitled "Final Judgment Dissolving Marriage" which transferred ownership of the marital home to the wife as lump sum alimony dissolved the marriage.
The next question we address is the effect the motions for rehearing had on Gloria's and Shirley's marriages, particularly Gloria's motion for rehearing since rehearing was granted but not held until subsequent to John's death. Shirley cites Cone v. Cone, 62 So.2d 907 (Fla. 1953), in support of her position that the jurisdiction of the court "is completely and finally exercised" upon entry of the final decree. However, Cone also states that the decree is final upon expiration of the time for appeal, and rule 9.020(g), Florida Rules of Appellate Procedure, tolls the time for appeal while a motion for rehearing is pending.
In Becker v. King, 307 So.2d 855 (Fla. 4th DCA), cert. denied, 317 So.2d 76 (Fla. 1975), the trial court entered a partial final judgment dissolving the marriage after the death of the husband nunc pro tunc to the date of the initial partial judgment preceding death. The pre-death partial judgment dissolved the marriage and granted child custody to the wife, and the subsequent judgment addressed property issues in addition to dissolving the marriage nunc pro tunc. The district court noted the general rule that, normally, death terminates the marriage relationship, prohibiting the entry of a judgment of dissolution nunc pro tunc, but that the written partial judgment entered prior to death terminated the marriage relationship in that case. The court reasoned that the dissolution of the marriage itself was not involved in the appeal, only matters collateral to the adjudication of dissolution. Even though the earlier judgment was not final for purposes of appeal, the court stated that the "judgment may be valid although not in such final form as is required for appeal purposes." Becker, at 858.
In the instant case, the motions for rehearing by John and Gloria addressed only collateral matters involving property. Neither party was unhappy about the apparent, although technically flawed, dissolution of their marriage. While Becker involved a partial judgment dissolving a marriage entered prior to the husband's death, we see no reason not to follow the doctrine established in that case and apply it to the instant case so as to find that the marriage terminated on October 13, 1988, the date of the original judgment dissolving the marriage.
We find additional support for treating the marriage between John and Gloria as one dissolved by judgment rather than by death. In Baggett v. Baggett, 309 So.2d 223 (Fla. 2d DCA 1975), Billy and Joan Baggett's marriage was dissolved on July 17, 1972. Joan filed a timely petition for rehearing or in the alternative to set aside or modify the final judgment as to property dispositions, alimony, child support, and visitation. On September 22, 1972, prior to the hearing on Joan's petition, Billy married Patricia. At the subsequent hearing, the court made oral pronouncements, increasing certain property awards to Joan. Before entry of a written order, however, Billy died. After Billy's death, Joan moved for entry of a written order consonant with the oral order. Patricia, as personal representative of Billy's estate, was made a party to the action, and the court then entered a written order nunc pro tunc to the date of the oral pronouncement, October 4, 1972. Patricia complained on appeal that the court was without jurisdiction to enter the order of modification requested by Joan because of Billy's death. In support of her position, Patricia cited Sahler v. Sahler, 154 Fla. 206, 17 So.2d 105 (1944), and McKendree v. McKendree, 139 So.2d 173 (Fla. 1st DCA 1962). The district court distinguished these cases by noting that, in each of them, one of the parties had died prior to the entry of a decree of divorce and that in each case the court held that nunc pro tunc decrees could not terminate a marriage which, by the time of entry of the decree, had been terminated by the *512 death of a party. The district court noted that the final judgment of dissolution had been signed and recorded prior to Billy's death, and the former wife's motion for rehearing did not challenge the judgment insofar as it related to the dissolution of marriage.[1]
We are troubled by the limited manner in which Shirley in only her individual capacity attempted to intervene in the dissolution proceedings. While she could properly assert the rights of a widow in John's estate, only the personal representative of the estate would have the right to intervene for the benefit of all beneficiaries of his estate.
It is even more difficult to imagine how Gloria could have proceeded ex parte in the dissolution action, seeking adjudication of property rights in which John had an interest, without the appointment of a personal representative of his estate or, at the very least, an administrator ad litem to defend his interest. We are also troubled about the orders entered after ex parte hearings declaring Gloria to be John's legal widow, finding Shirley's marriage to John to be void, directing third parties to change records declaring Gloria entitled to benefits, and restraining Shirley from encumbering or disposing of assets. None of those persons directed to take such actions was a party to the litigation, including Shirley, who was denied the right to intervene except in this appeal.
We vacate the final order from which this appeal is taken and remand for further proceedings consistent with this opinion, including at the very least, the appointment of an administrator ad litem to represent those interested in John's estate (assuming no one seeks and gains appointment as personal representative of John's estate) prior to entertaining the motion for rehearing filed by Gloria.
VACATED; REMANDED.
HARRIS and DIAMANTIS, JJ., concur.
NOTES
[1] In Johnson v. Feeney, 507 So.2d 722 (Fla. 3d DCA), rev. denied, 518 So.2d 1274 (Fla. 1987), the third district concluded that the "death of one of the parties to a marriage dissolution action after the entry of judgment but before the trial court rules on a timely motion for rehearing ... terminates the marriage by operation of law and divests the trial court of jurisdiction to make the judgment final." Johnson, at 723. We note that this decision, while appearing to be in conflict with Baggett, fails to specify whether the motion for rehearing pending at the time of the wife's death substantially attacked the dissolution itself or merely sought reconsideration of collateral property issues.