ALTENBERND, Judge.
Eugene F. Gaines appeals the final judgment of dissolution of his marriage to Chlo-del H. Gaines. Although the issue was not preserved in the trial court, he maintains on appeal that the divorce had not become final when his wife died because she had a pending motion for rehearing concerning financial issues. As a result, he argues that the divorce action must be dismissed. We conclude that the portion of the final judgment declaring the marriagé dissolved was sufficiently final prior to the wife’s death that the action need not be dismissed. The judgment is affirmed in its entirety.
The Gaineses were married in 1982, when both were over the age of forty. There are no children of this marriage. Following a separation in 1995, Mr. Gaines filed a dissolution proceeding in January 1996, alleging that the marriage was irretrievably broken. His wife filed an answer and counterpetition in April 1996 seeking alimony and also alleging that the marriage was irretrievably broken.
At the final hearing in September 1996, the parties did not contest that the marriage was irretrievably broken. The trial court entered a final judgment in October 1996, finding that the marriage was irretrievably broken. Both parties sought rehearing concerning financial issues. Neither party challenged the portion of the judgment that dissolved the marriage.
On January 6, 1997, the trial court entered two orders. One order denied Mr. Gaines’ motion for rehearing. The other order granted the wife’s motion concerning an equitable distribution issue. The trial court did not resolve the equitable distribution issue, indicating that the matter would be resolved at a later hearing. Apparently unfamiliar with the appellate rules concerning rendition,[1] Mr. Gaines’ attorney filed a premature notice of appeal on January 29, 1997. The notice of appeal referenced the order denying Mr. Gaines’ motion for rehearing and made no disclosure of the pending motion for rehearing. As a result, this court was unaware of the pending motion for rehearing until' the estate’s attorney brought the matter to this court’s attention in July 1997.
Mrs. Gaines died on February 25, 1997, about a month after Mr. Gaines filed his premature appeal. Her attorney apparently filed a suggestion of death in the trial court *353 in March 1997. Mr. Games’ trial attorney then filed a motion for “substitution of defendant” with this court. In April 1997, this court granted the motion filed by Mr. Gaines’ attorney and ordered that the appellate court be notified when the personal representative was appointed. It is now clear that the probate court appointed Lynn Sayne as personal representative of the estate of Chlodel H. Gaines in early June 1997. Nevertheless, no one notified this court of that appointment. As a result, the personal representative was not recognized as the proper appel-lee in this appeal until December 1997.
In August 1997, after learning of the unresolved motion for rehearing, this court relinquished jurisdiction to the trial court to resolve the deceased wife’s motion for rehearing. On September 15, 1997, the trial court conducted a hearing on this court’s order of relinquishment. The hearing is noteworthy because Mr. Gaines’ trial attorney expended considerable time arguing a motion to dismiss the wife’s motion for rehearing. The motion was not based on the theory that a final order of divorce could not be entered after Mrs. Games’ death. Instead, it was based on the theory that the personal representative had not been timely substituted of record. The trial court denied the motion to dismiss and entered an order partially granting the wife’s motion for rehearing and thereby increasing her equitable distribution by $5500. At that point, the case was ripe for briefing in this court.
Mr. Gaines has raised several issues on appeal. First, he maintains that the final judgment is void due to the death of his wife prior to the finality of the judgment. Given that he appealed the judgment as a final judgment prior to her death, and later filed a motion to substitute the personal representative as a party,[2] this position on appeal conflicts with his own earlier actions. This issue is unpreserved and would entitle him to relief only if it were fundamental. See Wasden v. Seaboard Coast Line R.R., 474 So.2d 825, 831 (Fla. 2d DCA 1985). We need not determine whether this issue is fundamental because we conclude that the marriage was dissolved with sufficient finality prior to the wife’s death and that her death did not abate the divorce proceeding.
There is authority for the proposition that a trial court cannot enter a nunc pro tunc final judgment of dissolution after the death of one of the parties. See Sahler v. Sahler, 154 Fla. 206, 17 So.2d 105 (1944); Jaris v. Tucker, 414 So.2d 1164 (Fla. 3d DCA), dismissed, 419 So.2d 1198 (Fla.1982); McKendree v. McKendree, 139 So.2d 173 (Fla. 1st DCA 1962). None of these cases, however, concerns the death of a party while the case is pending on rehearing months after the entry of the final judgment. McKendree uses the word “rendition,” but in the context of considering whether an oral ruling might be sufficient to avoid abatement of the divorce proceeding upon the death of a party. 139 So.2d at 173-74.
The issue in this case is not whether the order was sufficiently final in February for jurisdiction to be transferred from a trial court to an appellate court.[3] The issue is whether the death of a party while a divorce proceeding is pending on rehearing should necessitate dismissal of the action as if it had never been filed. Alternatively, the issue is whether the marriage was sufficiently dissolved by the time the wife died, so that she should be treated as a divorced woman for purposes of probate. If this marriage had been dissolved at the time of Mrs. Gaines’ death, then the circuit court in the divorce proceeding needed to finalize the financial issues between Mr. Gaines and the estate of his wife, so that the probate court could perform its function.
Reopelle v. Reopelle, 587 So.2d 508 (Fla. 5th DCA 1991), a case cited by both parties in their briefs, supports the proposition that Mrs. Gaines was legally divorced and her *354 death should not abate this proceeding. In Reopelle, the court held that a husband’s death prior to the disposition of a rehearing motion does not invalidate the previously entered final judgment dissolving the marriage when the rehearing is directed only to property or other collateral issues and does not attack the granting of the dissolution itself. See also Baggett v. Baggett, 309 So.2d 223 (Fla. 2d DCA 1975) (where final judgment of dissolution of marriage recorded prior to husband’s death, court had jurisdiction to enter order requiring husband to convey interest in real property to former wife for alimony, even though husband died after pronouncement of order and prior to written entry of order).[4]
Although not cited by either party, Fernandez v. Fernandez, 648 So.2d 712, 713 (Fla.1995), provides further support to allow the divorce judgment to stand. In Fernandez, Mrs. Fernandez filed a motion seeking a dissolution of her marriage to Mr. Fernandez. Mr. Fernandez filed an answer and counterpetition also seeking a dissolution of the marriage. Subsequently, Mrs. Fernandez filed a motion to bifurcate the proceedings on the allegation that she was terminally ill and her life expectancy was countable in weeks. Id. at 713. A final judgment of dissolution was granted, which dissolved the marriage and reserved jurisdiction over all other issues contained in the parties’ pleadings. After Mrs. Fernandez’s death, Mr. Fernandez filed a motion for relief from the judgment of dissolution alleging that the requirements of section 61.052, Florida Statutes (1991), were not satisfied because Mrs. Fernandez had not testified that she met the residency requirement of the statute. Id. at 713. Mr. Fernandez’s verified answer and counterpetition admitted both the wife’s Florida residency and that the marriage was irretrievably broken. The Florida Supreme Court held that the trial court dissolved the marriage prior to the wife’s death by entry of the final judgment of dissolution. Id. at 713. By retaining jurisdiction to resolve the property issue, the trial court did not render the final judgment dissolving the marriage any less final. Id. at 713.
We perceive no legal or practical reason to abate this divorce proceeding and to render moot the financial decisions made by the trial court in the October 1996 final judgment. A judgment of dissolution is a two-part order. It first dissolves the marriage and then resolves certain financial and familial issues. In an exceptional case, such as Fernandez, the dissolution may even be bifurcated from the remaining issues and may be granted prior to a final order resolving the financial and familial issues. See also Weasel v. Weasel, 419 So.2d 698 (Fla. 4th DCA 1982); Gray v. Gray, 658 So.2d 607 (Fla. 2d DCA 1995). In this case, no party ever contested the issue of dissolution. The motions for rehearing did not challenge the portion of the judgment that granted the dissolution. Given the high emotions that often exist in divorce, we see no practical reason to allow one party to avoid the financial terms of a final judgment of dissolution if the other party dies while rehearing is pending.
Second, Mr. Gaines contends that the trial court erred in rendering an order on the wife’s motion for rehearing when no personal representative had been made a party in the trial court at the time of the hearing in September 1997. In light of the substantial procedural confusion created by Mr. Gaines’ premature appeal, we find no merit in this argument.
Third, Mr. Gaines argues that there was insufficient evidence to support the award of $5500 to the estate at the rehearing. We find no error in the trial court’s decision.
Fourth, Mr. Gaines argues that Mrs. Gaines was not entitled to “retroactive” alimony for the period between his petition *355 for dissolution and her request for alimony in her counterpetition. He theorizes that alimony cannot be legally imposed for a period prior to the party’s request for alimony in the court file. We disagree. Alimony is based on the common law obligation of one spouse (historically the husband) to support the other. See Jacobs v. Jacobs, 50 So.2d 169 (Fla.1951). When one spouse has need and the other the ability to pay, there is no legal reason why a trial court cannot order alimony to commence on the date that either party files the action for dissolution. See § 67.071, Fla. Stat. (1995).
Finally, Mr. Gaines argues that the trial court erred in awarding the wife exclusive possession of the marital home after making him a tenant-in-common of that property with his wife. He also argues that he should not have been ordered to pay $500 per month alimony to his wife. By virtue of his wife’s death, the award of exclusive possession of the home terminated before the final judgment became appealable and his support obligation ceased only a few months after the final hearing. We see no merit in this argument.
Affirmed.
PARKER, C.J., and GREEN, J., Concur.

. Although the definition of "rendition” in the Florida Rules of Appellate Procedure is complex, there is no question that this final judgment of dissolution had not been rendered for purposes of appeal at the time that Mr. Gaines’ trial counsel, Andrew J. Mirabole, filed the premature appeal. See Fla. R.App. P. 9.020(h)(1), 9.110(m). We note that Mr. Gaines’ current appellate attorney, John B. Gibbons, did not appear in this file until October 1997.

. A motion to substitute a party in the event of death is only proper when the claim is not extinguished by death. See Fla. R. Fam. P. 12.260; Fla. R. Civ. P. 1.260. Thus, the husband’s motion conceded that the claims on appeal were not extinguished by his wife’s death.

. "Rendition,” at least as used in the appellate rules, is a tool whose function is to facilitate a predictable, orderly and timely transition of a lawsuit from one court to another. See Fla. R.App. P. 9.020(h).

. The decision in Reopelle v. Reopelle, 587 So.2d 508 (Fla. 5th DCA 1991), attempts to distinguish the Third District’s decision in Johnson v. Feeney, 507 So.2d 722 (Fla. 3d DCA 1987). We doubt the two cases can be reconciled. Our case is different from Johnson in that the pending motion in Johnson was filed by the survivor and not the decedent. Nevertheless, to the extent that Johnson seems to hold that the death of one of the parties to a marriage dissolution action after the entry of a final judgment, but before the trial court rules on a timely motion for rehearing,. always divests the trial court of jurisdiction and renders the divorce judgment void, we expressly conflict with that holding.