764 So.2d 578 (2000)
Eugene F. GAINES, Petitioner,
v.
Lynn SAYNE, as personal representative of the estate of Chlodel H. Gaines, Respondent.
No. SC95134.
Supreme Court of Florida.
July 13, 2000.
*579 John B. Gibbons of Salem, Saxon & Nielsen, P.A., Tampa, Florida, for Petitioner.
Theodore J. Rechel and Donald A. Foster of Rechel & Associates, Tampa, Florida, for Respondent.
ANSTEAD, J.
We have for review Gaines v. Sayne, 727 So.2d 351 (Fla. 2d DCA 1999), which expressly and directly conflicts with the opinion in Johnson v. Feeney, 507 So.2d 722 (Fla. 3d DCA 1987), on the issue of whether the death of a party after entry of a final decree of dissolution of marriage but prior to a decision on a timely motion for rehearing automatically voids the dissolution, abates the dissolution proceeding, and deprives the court of jurisdiction to render any further orders in the matter. We have jurisdiction. Art. V, § 3(b)(3), Fla. Const. For the following reasons, we approve the decision below, which holds that the dissolution was not voided by the subsequent death of a party.

MATERIAL FACTS[1]
The Gaineses were married in 1982. In January 1996, Mr. Gaines filed for divorce on the ground the marriage was irretrievably broken. In April 1996, Mrs. Gaines filed an answer and a counterpetition seeking alimony and also affirmatively asserting that the marriage was irretrievably broken. Following a hearing on the matter, the trial court entered final judgment dissolving the marriage on October 25, 1996.
*580 The final judgment also distributed the property held by the parties and awarded alimony. Both parties subsequently sought rehearing, but only as to some of the financial issues resolved. Neither party challenged the dissolution of marriage. Mrs. Gaines raised two issues concerning the equitable distribution; the first involved funds in the parties' joint checking account and the second involved funds in the parties' joint savings account.[2] Mr. Gaines, on the other hand, argued that he was denied a fair trial because the trial court erroneously awarded Mrs. Gaines temporary alimony and because the order was contrary to the findings of the court as reflected in the transcript of the proceedings. The trial court summarily denied Mr. Gaines's motion for rehearing,[3] but granted a hearing on Mrs. Gaines's motion to be scheduled at a later date.
Before that scheduled hearing took place, Mrs. Gaines died on February 25, 1997. Lynn Sayne was appointed as the personal representative of Mrs. Gaines's estate. Subsequently, a hearing on Mrs. Gaines's motion for rehearing was held on September 15, 1997. At that hearing, Mr. Gaines argued that his wife's motion for rehearing should be dismissed on the ground that the personal representative had not been timely substituted of record. No assertion was made, however, that the proceedings should be dismissed on the theory that the court no longer had jurisdiction of the action because of the death of Mrs. Gaines. The trial court denied the request to dismiss, and entered an order on rehearing increasing Mrs. Gaines's equitable distribution by half of the amount in the joint checking account. See 727 So.2d at 352-53.
Mr. Gaines then appealed and asserted for the first time that the final judgment dissolving the marriage was void because Mrs. Gaines died while the divorce proceeding was pending on rehearing. The district court held that the issue was not preserved for review because Mr. Gaines had not made this claim in the trial court. See id. at 353. While recognizing that fundamental error need not be preserved below, the district court nevertheless declined to consider whether the alleged error was fundamental, because it concluded "that the marriage was dissolved with sufficient finality prior to the wife's death and that her death did not abate the divorce proceeding." Id.
Relying on Reopelle v. Reopelle, 587 So.2d 508 (Fla. 5th DCA 1991), and Fernandez v. Fernandez, 648 So.2d 712 (Fla. 1995), the district court reasoned that a judgment of dissolution is actually a divisible two-part order: the first part dissolves the marriage, and the second part resolves all other financial and familial issues. See Gaines, 727 So.2d at 354. Because neither of the parties in this case contested the portion of the order dissolving the marriage, the district court held that the death of one party to a dissolution proceeding after a judgment of dissolution, but before disposition of a motion for rehearing limited to property or other collateral matters, does not void the judgment of dissolution. See id. at 354.

APPEAL
Appellant argues that the decision below conflicts with the Third District's decision in Johnson v. Feeney, 507 So.2d 722 (Fla. 3d DCA 1987), which holds that the death *581 of a party to a dissolution proceeding while such proceeding is pending on rehearing terminates the marriage by operation of law and divests the trial court of jurisdiction to make the judgment final. In Johnson, the wife died after the trial court had entered final judgment dissolving the marriage, but before the trial court had ruled on a timely motion for rehearing filed by the husband. The opinion offers very few facts and does not identify the issues raised in the motion for rehearing. Thus, it cannot be determined from the face of the opinion whether the motion challenged the dissolution or was limited to other issues. Nevertheless, the district court held that the final judgment dissolving the marriage was void and should have been vacated upon proper motion by the husband alerting the court to the wife's death. See id. at 723.
In so holding, the court noted two general principles of law. First, it stated that the "death of a party to a marriage dissolution action before a final judgment is entered terminates the marriage relationship by operation of law and divests the trial court of jurisdiction to issue a final decree." Id. (citing Sahler v. Sahler, 154 Fla. 206, 17 So.2d 105 (1944); Price v. Price, 114 Fla. 233, 153 So. 904 (1934); Jaris v. Tucker, 414 So.2d 1164 (Fla. 3d DCA 1982); McKendree v. McKendree, 139 So.2d 173 (Fla. 1st DCA 1962)). Second, the court noted that a judgment of dissolution is not final while a motion for rehearing is pending. Id. (citing State ex rel. Owens v. Pearson, 156 So.2d 4, 7 (Fla. 1963), and other cases). Considering these rules together, the court concluded that the death of one party to a marriage dissolution action after the entry of judgment, but before the trial court rules on a pending motion for rehearing, terminates the marriage by operation of law and divests the trial court of jurisdiction to make the judgment final. See id.

ORIGINS OF ABATEMENT RULE
We now conclude that Johnson's reliance on the abatement rule as announced in Sahler and its progeny was misplaced.[4]Sahler v. Sahler, 154 Fla. 206, 17 So.2d 105 (1944), was decided under the Florida divorce law in existence prior to the enactment of the statutory "no fault" dissolution scheme now prevailing. The facts in that case reflect that at a final hearing on July 12, 1943, the judge orally pronounced that a divorce should be granted but did not state in whose favor the decree of divorce would be awarded. Instead, the chancellor asked both parties to submit a proposed order on the dissolution of marriage concerning the division of the parties' property. Before this was done, however, the husband died on July 28, 1943. On August 17, 1943, the chancellor entered a divorce decree nunc pro tunc to the date of the hearing.
On appeal, the wife challenged the entry of the nunc pro tunc divorce decree. This Court reversed the decree, holding that an oral pronouncement is not effective until it has been reduced to writing, signed by the judge, and duly recorded. See id. at 210, 17 So.2d at 106.[5] The Court held that the trial court erred in entering the decree nunc pro tunc where one of the parties to the divorce proceedings died before rendition of the written decree. See id., 17 So.2d at 107.
[T]he weight of authority in this country relative to the authority of courts to enter "nunc pro tunc" decrees in divorce suits is to the effect that a "nunc pro *582 tunc" decree cannot be entered where one of the parties to a divorce dies before the rendition of a decree.
In Annotation 3 A.L.R., page 1421, it is stated, "Where a party to a divorce suit dies before the rendition of a decree, none can be entered nunc pro tunc". Citing Wilson v. Wilson, 73 Mich. 620, 41 N.W. 817; Young v. Young, 165 Mo. 624, 65 S.W. 1016, 88 Am. St. Rep. 440; and other authorities.
"Thus where complainant in divorce died after submission, it was error to enter a decree for him, nunc pro tunc". Citing Wilson v. Wilson, supra; and in Freeman on Judgments, 5th Ed., § 135, it is stated, "Obviously there can be no judgment of divorce rendered after the death of either of the parties, since that event of itself terminates the status of marriage. Consequently where a party to a divorce suit dies before the rendition of a decree, none can be entered...."
Sahler, 154 Fla. at 210, 17 So.2d at 107. The Court further reasoned that marital relationships are purely personal in nature and, therefore, a marriage dissolution proceeding is a personal action which cannot survive the death of one of the parties. Id. Based on the foregoing analysis, the Court concluded that the chancellor erred in entering a divorce decree where one of the parties had died after the hearing on the divorce suit but before the chancellor had reduced his findings to writing and signed and recorded the decree. Hence, Sahler stands for the proposition that the death of one of the parties prior to the entry of a judgment of dissolution precludes the trial court from exercising any further jurisdiction over the matter. Accord Messana v. Messana, 421 So.2d 48 (Fla. 4th DCA 1982); Jaris v. Tucker, 414 So.2d 1164, 1166 n. 2 (Fla. 3d DCA 1982); McKendree v. McKendree, 139 So.2d 173 (Fla. 1st DCA 1962); see also 24 Am.Jur.2d Divorce and Separation § 140 (1998) ("[I]f an action for divorce is commenced and one of the parties dies thereafter, but before the entry of the final decree, the action abates."). Sahler does not support the holding in Johnson.

MOTION FOR REHEARING
As noted above, in this case, we are not faced with the death of a party prior to the entry of a written, final judgment. Rather, the trial court in this case reduced its findings and conclusions to a final written order, and signed and recorded the decree in the clerk's office before one of the parties to the proceedings died.[6] Thus, we find Sahler and its progeny to be inapposite. Instead, we view the narrow question before us as whether the death of a party before the disposition of a pending motion for rehearing limited to financial matters automatically voids the judgment of dissolution and divests the trial court of authority to adjudicate any further matters in the case. We conclude that the judgment should not be voided, and we find the reasoning and logic of our decision in Berkenfield v. Jacobs, 83 So.2d 265 (Fla. 1955), to be instructive and supportive of this conclusion.
In Berkenfield, the trial court entered a written final decree dissolving the marriage on June 21, 1954. The decree was signed and filed in the clerk's office that same day. Before the clerk recorded the decree, however, the husband died. In deciding what effect the husband's death had on the proceedings, this Court looked to the history of the statutes requiring rendition of an order or decree and its prior case law mandating rendition of a decree before subsequent action may be taken on the decree. See id. at 267. It initially acknowledged the general rule that a final decree becomes effective only when recorded if it is to form a basis for future action. No further proceedings *583 were contemplated, however, in that case. Thus, after consideration of the history and purpose of the recordation statutes, the Court found that "recordation is procedural and ministerial and that a decree when recorded is but evidence of judicial action already taken; that a failure to perform the act of recording amounts only to `a ministerial misprision' which may be remedied by an order nunc pro tunc." Id. at 268.
It seems to us that it would be unjustifiable and inequitable to hold in the present situation that the decree was a nullity until the clerk performed the ministerial service of entering it in the chancery order book despite the fact that it would not become a foundation for future proceedings or process....
Id. Accordingly, the Court rejected the view that no decree is good for any purpose until it is recorded because "[t]o adopt such an absolute rule would unquestionably work hardship and injustice in many cases of which this one is a classic example." Id. The Court concluded, therefore, that at the time the husband died, he had been divorced by reason of the entry of the judgment of divorce, and his death before the clerk recorded the decree did not affect the trial court's dissolution of the marriage. Id. In so concluding, the Court expressly distinguished Sahler's holding on the ground that Sahler involved the efficacy of an "indefinite oral pronouncement" by the trial court. Id.
Since Berkenfield, numerous courts have considered the effect a party's death has on the status of the divorce proceedings and on the courts' jurisdiction to resolve matters collateral to the dissolution of marriage in a variety of factual circumstances. In Fernandez v. Fernandez, 648 So.2d 712 (Fla.1995), for example, the trial court bifurcated the divorce proceedings due to the failing health of one of the parties, and entered a final judgment of dissolution while reserving jurisdiction over all remaining matters. Before the remaining matters could be resolved, however, the wife died. The trial court subsequently entered a stipulated final judgment concerning the marital assets. Ten days later, the husband challenged the court's jurisdiction to enter the dissolution decree because the wife had not satisfied the residency requirement. The trial court agreed and set aside the dissolution decree. The district court reversed the trial court and remanded for reinstatement of the final judgments. Upon review this Court affirmed the district court's decision on the residency issue. We further upheld the district court's conclusion that the trial court retained jurisdiction to enter the final judgments concerning the parties' marital assets despite the wife's death prior to entry of such order. We found that the marriage had been dissolved prior to the wife's death by the entry of the final judgment of dissolution. We reasoned that "[b]y retaining jurisdiction to deal with the property, the court did not render the final judgment dissolving the marriage any less final." 648 So.2d at 714. In so concluding, we again expressly distinguished Sahler on the ground that it involved the death of a party before the entry of a final judgment. More importantly, as in Berkenfield, we upheld the validity and efficacy of a dissolution decree where one of the parties to the proceeding died, despite the fact that at the time of death, the time provided for rehearing or appeal had not yet expired.
The district courts have reached similar conclusions. Recently, in fact, the Fourth District in Barnett v. Barnett, 743 So.2d 105 (Fla. 4th DCA 1999), review granted, 751 So.2d 1250 (Fla.2000), held that the death of the husband within the time allotted for petitioning for rehearing did not void the dissolution decree. In reaching its decision, the court relied especially on this Court's decision in Berkenfield. Further, the court rejected the holding in Johnson on the ground it "confuses the finality of a case for appellate purposes with the time a divorce judgment becomes *584 effective in relation to the death of one of the parties." Barnett, 743 So.2d at 106.[7]
Similarly, in Reopelle v. Reopelle, 587 So.2d 508 (Fla. 5th DCA 1991), the case relied upon by the court below, the Fifth District held that the death of one of the parties during a pending motion for rehearing did not affect the trial court's decree dissolving the marriage where the parties did not contest the dissolution decree and the pending motion involved matters collateral to the adjudication of dissolution (such as property and financial issues). In reaching its conclusion, the court relied on Becker v. King, 307 So.2d 855 (Fla. 4th DCA 1975), and Baggett v. Baggett, 309 So.2d 223 (Fla. 2d DCA 1975), both of which hold that the death of one of the parties to a divorce proceeding does not affect the trial court's jurisdiction to resolve collateral matters relating to the dissolution of marriage.
While we agree with appellant that Becker and Baggett are factually distinguishable from the circumstances presented in this case, we are nevertheless persuaded by their logic and reasoning. For example, in Becker, the trial court had entered a written partial final judgment dissolving the marriage and retained jurisdiction over all remaining matters to be decided at a later date. A hearing on the collateral matters was held, wherein the trial court orally pronounced its findings and conclusions as to those other matters. However, before the trial court had signed and filed a written decree indicating its conclusions, the husband died. The Fourth District rejected the wife's argument that the trial court was without authority to issue a final order nunc pro tunc to the date the partial final judgment had been entered. The court reasoned that the marriage had ended as of the date the partial final judgment had been entered and that the only matters left unresolved were those matters collateral to the adjudication of dissolution.
A purely divorce suit is sometimes made an exception to this general principle of law permitting rendition and entry of a nunc pro tunc judgment after death because, it is said, the death itself has already terminated the marriage relationship. If so, the reason for this exception does not apply in this case because the marriage was not ended by death but by the written partial final judgment of January 22, 1973, and the matters involved in the appealed judgment relate only to matters collateral to, and made necessary and appropriate for legal decision by, the adjudication of dissolution.
307 So.2d at 858 (footnote omitted). The court further concluded that the fact the final order had not been reduced to writing before the death of the husband did not affect the validity of the final judgment despite the fact such final judgment had not yet been "rendered" for purposes of appeal. It reasoned:
Aside from its definition in the Florida Appellate Rules, rendition of a judgment generally refers to the judicial act of the court in giving, returning, pronouncing, or announcing, orally or in writing, its conclusions and decision on the matter submitted to it for adjudication, and is distinct from the signing of a subsequent formal judgment and from the later recording or filing of the writing or the entry of judgment in the minutes of the court. Aside from the effect of a statute or court rule requiring the judgment to be written for particular purposes, a judgment exists as such when it is thus rendered and is valid and binding as between the parties and their privies, although the only competent evidence of such act is the memorial or record in the form of a written and signed judgment or a clerk's minute book entry.
*585 Id. at 858-59 (footnotes omitted).[8] We find this reasoning and logic persuasive, if not compelling.
Similarly, in Baggett, the trial court entered a final judgment of divorce, and the wife filed a motion for rehearing relating to issues of alimony, child support and visitation rights. Like the Gaineses, neither party challenged the dissolution issue itself. The trial court held a hearing on the wife's motion and orally pronounced its findings and conclusions. Before the court's order was reduced to writing, however, the husband died. The court subsequently reduced its order to writing nunc pro tunc to the date the oral pronouncements were made. The district court held that the husband's death did not affect the court's authority to enter the nunc pro tunc decree because the final judgment dissolving the marriage had been signed and recorded prior to the husband's death. See Baggett, 309 So.2d at 225.
Petitioner disputes the reasoning of these cases. For example, petitioner argues that the reasoning of Berkenfield is inapplicable in this case because Berkenfield did not involve a pending motion for rehearing. Indeed, he argues, the Court in Berkenfield relied in part on the fact that the parties were apparently not contemplating subsequent proceedings. We recognize that the situation in the present case is slightly different from that before this Court in Berkenfield. However, we do not find that such distinction renders the rationale of Berkenfield any less applicable.[9] Rather, we interpret Berkenfield to mean that procedural rules established to determine finality for the purpose of seeking rehearing or appeal do not necessarily affect the efficacy of a validly entered decree under the circumstances presented here. Moreover, we agree with the Fourth District in Barnett that Johnson appears to confuse a substantive rule of law, which renders ineffective a divorce decree and divests the courts of jurisdiction over dissolution proceedings where one of the parties dies before a final judgment has been entered, with a procedural rule of law, which may dictate the finality of a decree for purpose of appeal. See Barnett, 743 So.2d at 106.[10] The fact that our procedural rules allow time for parties to seek rehearing or an appeal from a final judgment should not automatically render the judgment ineffective as to the matters resolved by the trial court. More importantly, the fact that matters collateral to the dissolution issue remain unresolved should not alter a court's unchallenged finding that a marriage is irretrievably broken.
Here, we cannot ignore the fact that both parties sought to end the marital relationship under a statutory scheme for dissolution that does not require any finding of fault, but rather may be based on a finding that the marriage is irretrievably broken. By the very nature of such a *586 scheme it will be the rare occasion that a dissolution will be subject to attack on rehearing or appeal, and our experience with the no fault scheme has not demonstrated otherwise. In this case, for example, and in accordance with similar requests for dissolution from both parties, the trial court entered a final judgment on October 25, 1996, dissolving the marriage. Subsequently, although the parties raised other challenges to the final judgment in motions for rehearing, neither party contested the finding that the marriage was broken and the adjudication of dissolution based upon that finding. Thus, all judicial labor on the issue of dissolution had ended upon the entry of the final judgment. Under these circumstances, to void the dissolution decree on the basis that Mrs. Gaines died while a motion for rehearing raising other issues was pending would be contrary to the parties' undisputed intent to be divorced and could lead to unjust and inequitable results. Berkenfield.
Accordingly, we conclude that the entry of a written judgment of dissolution is not voided by the subsequent death of a party where any remaining issues properly raised on rehearing or appeal relate solely to matters collateral to the adjudication of dissolution. We approve the decision below and we disapprove Johnson to the extent it is contrary to our opinion herein.[11]
It is so ordered.
WELLS, C.J., and SHAW, HARDING, PARIENTE, LEWIS and QUINCE, JJ., concur.
NOTES
[1] The facts are taken from the opinion below. See Gaines v. Sayne, 727 So.2d 351 (Fla. 2d DCA 1999).
[2] The funds in the checking account consisted of the balance of the proceeds from the sale of the parties' Georgia real estate. Mrs. Gaines' attorney subsequently withdrew the second claim pertaining to the funds in the savings account, and therefore that claim ultimately was denied by the trial court.
[3] Mr. Gaines filed a premature notice of appeal after the denial of his motion for rehearing but before the trial court held the hearing on Mrs. Gaines's motion for rehearing. Mr. Gaines did not inform the district court that Mrs. Gaines' motion was pending in the trial court. When the district court learned of Mrs. Gaines' pending motion it relinquished jurisdiction until the motion was disposed of in the trial court.
[4] We note that with the exception of Price, which dealt with the death of a spouse while a divorce case was pending on appeal, the cases cited in Johnson involved situations in which one party to a dissolution proceeding dies after an oral pronouncement of dissolution but before the court has reduced its findings into a final written decree of dissolution.
[5] As noted above, the case was complicated by the fact the trial court never announced in whose favor the divorce was to be granted. Thus, there was no final decision on the issue of dissolution prior to the death of the husband.
[6] The trial court here entered a final written judgment on October 25, 1996. That judgment was recorded in the clerk's office on October 28, 1996. Mrs. Gaines died on February 25, 1997.
[7] As did the court below, the Fourth District certified conflict with Johnson. See Barnett, 743 So.2d at 108.
[8] Although Becker involved a partial final judgment of dissolution, we do not find that fact to be dispositive. Appellant has not satisfactorily explained to us why a case involving a partial final judgment of dissolution should be treated any differently than a case, such as the one presented herein, where the trial court enters an order dissolving the marriage and the parties challenge only the court's ruling on matters collateral to the adjudication of dissolution.
[9] Although not mentioned in the opinion, the procedural rules in effect at the time Berkenfield was decided granted parties ten days from the date the decree was recorded to petition the court for rehearing. See Fla. R. Civ. P. 3.16(a) (1955) ("No rehearing shall be granted unless the petition is served within 10 days after the recording of the decree.").
[10] See also Linzenni v. Hoffman, 937 S.W.2d 723 (Mo.1997). In that case, the Missouri Supreme Court held that the rules of procedure were not dispositive of questions involving substantive law, such as whether the death of a party abates a dissolution proceeding. Accordingly, the court held that "the doctrine of abatement is inapplicable where a dissolution of marriage has been ordered prior to the death of a party, even though the order may be partial, interlocutory or not a final judgment resolving all issues in the case." Id. at 726.
[11] We decline to address Mr. Gaines' remaining points on appeal because they involve matters which are outside the scope of the conflict issue.