768 So.2d 441 (2000)
Bonnie BARNETT, Petitioner,
v.
Harry BARNETT, as Personal Representative of the Estate of Elliot Barnett, deceased, Respondent.
No. SC96853.
Supreme Court of Florida.
August 31, 2000.
Nancy Little Hoffman, Fort Lauderdale, Florida, for Petitioner.
David A. Gart of Shutts & Bowen LLP, West Palm Beach, Florida; and Barbara J. Compiani of Caruso, Burlington, Bohn & Compiani, P.A., West Palm Beach, Florida, for Respondent.
PER CURIAM.
We have for review the decision in Barnett v. Barnett, 743 So.2d 105 (Fla. 4th DCA 1999), which held that the death of a party after the entry of a dissolution decree but during the time allotted for filing *442 a motion for rehearing does not affect the dissolution decree and certified conflict with the decision in Johnson v. Feeney, 507 So.2d 722 (Fla. 3d DCA 1987). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
We recently answered this question in Gaines v. Sayne, 764 So.2d 578 (Fla.2000), wherein we held that the death of a party after entry of a written, signed judgment of dissolution but prior to the rendition of a decision on a timely motion for rehearing concerning matters collateral to the adjudication of dissolution did not affect the dissolution decree or divest the court of jurisdiction to decide the remaining issues between the parties. Accordingly, we approve the Fourth District's decision in this case.[1]
It is so ordered.
WELLS, C.J., and SHAW, HARDING, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.
NOTES
[1] We decline to address petitioner's second issue on appeal because it is beyond the scope of the certified conflict in this case.