PER CURIAM.
 

 Appellant seeks review of an “Amended Final Judgment of Dissolution of Marriage,” which appears to be final except for an express reservation of jurisdiction to consider the division of the parties’ marital personal property. This reservation clearly indicates that additional judicial labor is required in the cause and, therefore, the order on appeal is not ap-pealable as a final order.
 
 See Caufield v. Cantele,
 
 837 So.2d 371, 375 (Fla.2002) (reaffirming traditional test for finality requiring that “no further action by the court will be necessary”);
 
 Thomas v. Thomas,
 
 902 So.2d 881 (Fla. 1st DCA 2005) (dismissing appeal where “final” order of dissolution reserved jurisdiction to consider reduction in value of asset distributed in equitable distribution);
 
 Newman v. Newman,
 
 858 So.2d 1273 (Fla. 1st DCA 2003) (dismissing appeal where “final” order of dissolution contained conditional
 
 *700
 
 reservation of jurisdiction to determined issues regarding bank and investment accounts);
 
 Hoffman v. O’Connor,
 
 802 So.2d 1197 (Fla. 1st DCA 2002) (dismissing appeal for lack of jurisdiction where trial court retained jurisdiction to determine equitable distribution claim).
 

 In response to our order to show cause why the appeal should not be dismissed as premature, Appellant argued that the reservation of jurisdiction over the division of personal property is collateral to, and in no way alters, the final nature of the order on appeal with respect to the dissolution, award of alimony and child support, and equitable distribution of other property. In support of this argument, Appellant relied entirely on
 
 Gaines v. Sayne,
 
 764 So.2d 578 (Fla.2000).
 

 In
 
 Gaines,
 
 the court resolved a conflict between the district courts regarding the effect that the death of a party has on a proceeding for dissolution of marriage.
 
 Id.
 
 at 579. The court held that the adjudication of dissolution in the order on review was effective to dissolve the marriage because it completed the judicial labor on the issue of dissolution before the death of a party.
 
 Id.
 
 at 586. This holding was based on the conclusion that judicial labor on the dissolution issue was complete despite a pending rehearing motion on the “collateral” issue of equitable distribution.
 
 Id.
 

 Gaines
 
 did not affect the traditional test of finality for purpose of appeal. The court noted that “procedural rules established to determine finality for the purpose of seeking rehearing or appeal do not necessarily affect the efficacy of a validly entered decree.”
 
 Id.
 
 at 585. Logically, the inverse is also true; the efficacy of a validly entered decree of dissolution does not necessarily affect the application of procedural rules established to determine finality for purposes of appeal. Therefore, although substantively the order on appeal may have the effect of terminating the marriage and finally adjudicating certain issues, procedurally it does not bring an end to the judicial labor required in the cause such that the order is appealable as a final order.
 

 In response to our order to show cause why the cross-appeal should not also be dismissed as premature, Appellee acknowledged that that order on appeal is not final for purposes of appellate review, but he requested that in lieu of dismissal, we abate the appeal and relinquish jurisdiction to the trial court for entry of a final order pursuant to Florida Rule of Appellate Procedure 9.110(£). We routinely relinquish jurisdiction under this rule when it appears that the jurisdictional defect in the order on appeal is technical in nature and merely requires an amended order clarifying that all of the issues between the parties had been finally resolved. In this case, however, an indeterminate amount of judicial labor, possibly requiring another hearing, remains to be done before a final order can be entered, and the asserted grounds for relinquishing
 
 jurisdiction
 
 — i.e., duplication of effort and additional filing fees — do not present an exceptional circumstance that would justify the relief Ap-pellee requested.
 
 See Benton v. Moore,
 
 655 So.2d 1272, 1273 (Fla. 1st DCA 1995) (“[PJroper exercise of our discretion in this and most cases in this posture is dismissal of the appeal at the time the court is called upon to resolve the jurisdictional issue.... In the absence of some exceptional circumstance, the appeal would be dismissed without prejudice, of course, to the right of the appealing party to file a timely notice of appeal after a final order has been rendered by the trial court.”).
 

 For the foregoing reasons, the appeal and cross-appeal are dismissed without prejudice to either party’s right to file a
 
 *701
 
 timely notice of appeal after a final order has been rendered by the trial court.
 

 DISMISSED.
 

 KAHN, LEWIS and WETHERELL, JJ., concur.