PER CURIAM.
Upon consideration of appellant’s response to the Court’s order of January 2, 2014, the Court has determined that the order on appeal does not finally determine a right or obligation of an interested party and is therefore not subject to appellate review pursuant to Florida Rule of Appellate Procedure 9.170(b). See Dempsey v. Dempsey, 899 So.2d 1272 (Fla. 2d DCA 2005) (concluding determination that beneficiary was entitled to share of estate was not final until specific award was defined); *831 In re Estate of Walters, 700 So.2d 434, n. 1 (Fla. 4th DCA 1997) (noting that in order to be reviewable, probate order must finally determine a right or obligation of an interested party, thereby terminating the judicial labor on the issue); see also Demont v. Demont, 24 So.3d 699 (Fla. 1st DCA 2009) (dismissing appeal rather than allowing lower court to enter a final order where an indeterminate amount of judicial labor remained to be done before a final order could be entered).
Moreover, because the underlying order is not a final order, the motion for relief from judgment was not an authorized motion, and the order on the motion is not appealable pursuant to Florida Rule of Appellate Procedure 9.130(a)(5). Bennett’s Leasing, Inc. v. First Street Mortgage Corp., 870 So.2d 93 (Fla. 1st DCA 2003) (dismissing appeal where order denied relief from interlocutory order). Accordingly, the appeal is hereby dismissed.
LEWIS, C. J., WOLF and ROBERTS, JJ., concur.