ANDREWS, Judge.
Gregg Maxcy departed this life intestate on August 10, 1960, a resident of Highlands County, Florida. He left surviving a widow, Jessie L. Maxcy, and a son Hugh Max-cy, to share substantial properties. Miss Charlotte Varena, an employee of the deceased, was duly appointed administratrix.
Hugh Maxcy died and his widow, La-Faye Maxcy filed a petition for the removal of Miss Varena as administratrix. During the hearing on said petition, Miss Varena resigned and the court accepted her resignation but required her to remain under bond pending the filing of a final report of her administration of the estate and the approval thereof by the court.
*446 This appeal is from an order accepting the resignation of the administratrix, Charlotte Varena, and requiring the said former •administratrix to file a complete accounting and from an order denying approval of the •accounting filed by the former administra-trix, and requiring her within a certain time to file a full and correct account of the affairs of the deceased during the period she served as administratrix.
Both of these orders are interlocutory and are administrative and procedural and do not finally determine the rights of any party in the administration of the estate ■of the deceased. Such orders are not subject to review by an appellate court. Section 732.15, Florida Statutes, F.S.A.; Article V, sections 4 and 5, of the Florida Constitution, F.S.A. This court has so held in In re Hill’s Estate, Fla.App.1959, 114 So.2d 462, and in Chapman v. Campbell, Fla.App. 1959, 114 So.2d 430.
Accordingly, ‘the appeal is dismissed.
ALLEN, Acting C. J., and SHANNON, J., concur.