ANDREWS, Acting Chief Judge.
Eva R. Rogers, individually, and as Ad-ministratrix c. t. a. of the Estate of Earl B. Rogers, deceased, appeals an order of distribution requiring her to distribute to the trustee of the residuary estate all the assets of the estate remaining after payment of debts and expenses. This court has consolidated for consideration with this appeal a Certified Question by the County Judge of Broward County on the same issues raised by the appeal.
Earl B. Rogers died on December 28, 1957. A contest of the will ensued during which time a notice to creditors was first published on April 18, 1958. The will contest litigation was terminated in 1962, and Eva R. Rogers elected to take dower as authorized by F.S.A. § 731.34 by instrument filed on June 8, 1962. The probate court entered án order on October 18, 1962, recognizing the right of the widow to take dower under the provisions of F.S.A. § 733.12. In so holding, the probate court gave retroactive effect to the 1959 amendment to F. S.A. § 731.35(2). The amendment provides that, when there is a will contest or the time for filing claims is extended, the widow can elect dower within sixty days from the date claims may be filed or from the date of a final judgment determining any litigation or contested claim.
*742 The appellee here, Methodist Episcopal Church of Middletown, Pennsylvania, and a lifetime beneficiary now deceased appealed the order of October 18, 1962, recognizing dower to the Second District Court of Appeal. The appeals were dismissed on January 17, 1963. In re Estate of Rogers, Fla.App.1963, 149 So.2d 94. Thereafter on April 23, 1963, the probate court entered final judgment in accordance with F.S.A. § 733.14 awarding specific property as dower to the widow, Eva R. Rogers. This order, on appeal to the Second District Court of Appeal, was reversed. In re Estate of Rogers, Fla.App.1965, 171 So.2d 428.
The court in the second Rogers case held the rights of both the widow and the beneficiaries were controlled and became vested under the law in effect at the time of the death of the husband, and the widow’s right to elect dower thereon terminated on January 18, 1959, being nine months from the date of the first publication of notice to creditors.
The probate court in compliance with the mandate of the second Rogers case entered an order requiring distribution of the residuary estate to the trustee named in the will. It is from this order that the present appeal and Certified Question emanate.
This appeal challenges the authority of the probate court to order distribution which does not recognize the right of the widow to take dower even though the court of appeal has held that the widow’s election was not timely filed. The reason advanced for such position is that the order of October 18, 1962, recognizing dower, even though erroneous, was a final judgment from which an appeal was dismissed and is therefore binding upon the probate court.
Florida Statutes Annotated § 731.34 grants the widow the right to elect dower. F.S.A. §§ 733.09 through 733.14 set forth the procedures which must be followed to actually give the widow the right to possession and control of the property to which she is entitled upon election of dower. The order of October 18, 1962, recognized the right of the widow to take dower and directed her as Administratrix c. t. a. to lay off and assign the same in accordance with the provisions of F.S.A. § 733.09. This order, however, left further steps to be taken as provided in F.S.A. § 733.10 on petition by the personal representative giving actual descriptions of the property to be set aside. F.S.A. § 733.11 provides procedures where a personal representative fails to take such action. F.S.A. § 733.12 sets up the various court proceedings under particular circumstances on the petition for the setting aside of dower. F.S.A. § 733.13 provides for the appointment of commissioners, if necessary, where the property cannot be divided by mathematical computation.
Aftci the statutory procedure is completed, a final judgment of dower can be entered under the provisions of F.S.A. § 733.14. Only when such a final judgment is entered is the widow entitled to the property assigned. The order of April 23, 1963, was the final judgment awarding dower to Eva R. Rogers, and it was this order that was the final appealable order or judgment. The order of October 18, 1962, and other intervening orders preliminary to final judgment were administrative and procedural. As such they were not appealable in that they did not finally determine the rights of any of the parties. In re Estate of Maxcy, Fla.App.1964, 165 So.2d 445 and 446.
Accordingly, the order directing distribution dated February 25, 1966, is affirmed, and the court declines to consider the Certified Question.
Affirmed.
CROSS, J., and McLANE, RALPH M., Associate Judge, concur.