PER CURIAM.
This is an appeal from an order of the county judge’s court entitled: “Order denying petition for substitution of counsel”. At oral argument this court raised the question of jurisdiction to entertain the appeal. Supplemental briefs on jurisdiction were submitted. We hold that we do not have jurisdiction and so must dismiss this appeal.
The jurisdiction of this court to hear appeals from county judge’s courts is granted by Article V, § 5(3) of the Constitution of the State of Florida as amended in 1968, F.S.A. The pertinent portions of that section are:
“Appeals from trial courts in each appellate district, and from final orders or decrees of county judge’s courts pertaining to probate matters or to estates and interests of minors and incompetents, may be taken to the court of appeal of such district, as a matter of right, from all final judgments or decrees, except those from which appeals may be taken direct to the supreme court or to a circuit court.”
It thus appears clear that our jurisdiction is limited to a review of final orders of county judge’s courts. In re Nolan’s Estate, Fla.App.1959, 114 So.2d 341; Biederman v. Cheatham, Fla.App.1964, 161 So.2d 538.
The order under consideration commands :
“It is, therefore, ORDERED and ADJUDGED, that:
1. The Petition for Substitution of Counsel filed hereby by the Co-Execu *696 tors, THOMAS W. LETERMAN and WALTER LETERMAN, is denied, and the law firm of BLACKWELL, WALKER & GRAY shall remain as attorneys for the Executors of the Estate.
2. That the alternate request of Co-Executors THOMAS W. LETERMAN and WALTER LETERMAN to employ separate counsel to represent them as Co-Executors at the expense of the Estate is denied, with the Court reserving at all times the right to fix reasonable attorney’s fees.
3. The Co-Executors, THOMAS W. LETERMAN and WALTER LETER-MAN, may employ in their capacity as Co-Executors, the law firm of PATTON, KANNER, TIETIG & SEGAL, but the said attorneys shall not be compensated from the assets of the Estate.
4. The counsel retained by the Co-Executors, THOMAS W. LETERMAN and WALTER LETERMAN, may file herein their notice of appearance, re-designation of resident agent for the two Co-Executors, and all matters affecting the Co-Executors, THOMAS W. LET-ERMAN and WALTER LETERMAN, relating to the administration of the Estate and their services as Co-Executors herein shall be directed through their counsel, and said counsel shall sign pleadings as attorneys for said Co-Executors.”
The briefs and our research have brought to our attention the following cases in which the orders appealed were held to be final orders: Smoak v. Graham, Fla.1964, 167 So.2d 559 (order denying payment of a claim against an estate) ; Epperson v. Rupp, Fla.App.1963, 157 So.2d 537 (order denying a motion to strike objections to a claim); Biederman v. Cheatham, Fla.App.1964, 161 So.2d 538 (order admitting a will to probate); In re Estate of Rogers, Fla.App.1967, 199 So.2d 741 (order assigning dower). In the following cases, the orders appealed were held to be interlocutory: In re Guardianship of Straitz, Fla.App.1959, 112 So.2d 889 (order denying a motion to vacate an order discharging a guardian); In re Maxcy’s Estate, Fla.App.1964, 165 So.2d 446 (order denying a petition to remove a co-administrator) ; In re Estate of Rogers, Fla.App.1967, 199 So.2d 741 (order recognizing a right of dower) ; In re Inquisition of Incompetency of White, 237 So.2d 55, District Court of Appeal, First District, opinion filed June 18, 1970 (order continuing in effect a prior adjudication of incompetency pending a hearing).
Rule 5.100, Florida Rules of Probate and Guardianship Procedure (effective January 1, 1968), provides in part:
“All orders and judgments of the court determining rights of any party in a particular proceeding in the administration of the estate of a decedent or ward shall be deemed final * *
The committee note published with the rule states in part: “The committee’s proposed rule is intended to define ‘final orders and decrees’ of the county judge as an order or decree which ultimately disposes of a right of a party in the estate or proceeding.”
The order which is the basis for this appeal denies appellants’ request that the court perform a procedural act. It is therefore more akin to the orders which have in the past been determined to be interlocutory. Further we find that it does not ultimately dispose of the right of a party in the estate. The appeal, therefore, is dismissed without prejudice to the right of the appellants to seek review of the order here complained of after the proceedings have been concluded by rendition of a final order.
It is so ordered.