OWEN, Judge.
This is an original proceeding for writ of mandamus or appropriate constitutional writ of this court to enforce its mandate.
The petitioner is a beneficiary of the residuary trust created by the will of Earl B. Rogers, deceased, and respondent is the present County Judge of Broward County in whose court the probate proceedings are still pending. The petition alleged in substance that although the probate court had entered its order under date of February 25, 1966, directing the personal representative to make distribution of certain specified assets to the residuary trustee, and although the order of distribution had been affirmed by this court,[1] and the mandate of this court filed in July, 1967, nonetheless, the personal representative still had not made distribution despite petitioner’s demands on the respondent to enforce such order.
The petition having made a prima facie case, we issued the alternative writ. However, upon considering respondent’s return to the alternative writ, the certified portions of the record filed in support thereof, and the briefs and argument of counsel, we are led to the conclusion that the preemptory writ should not issue and that the alternative writ should be discharged.
The probate court’s order of February 25, 1966, directed the personal representative to forthwith deliver to the Dauphin Deposit Trust Company (the trustee named in decedent’s will) the assets of the estate remaining after payment of debts and expenses, such assets consisting of certain shares of stock together with $25,025.34 in cash. Eva R. Rogers, individually as the surviving widow of the decedent and as administratrix c. t. a., took an appeal from that order asserting that it was in error for failure to recognize the right of the widow to take dower. The order of February 25, 1966, was affirmed. In re Estate of Rogers, Fla.App.1967, 199 So.2d 741.
After this court’s mandate in the last cited case had been lodged in the probate court, the personal representative filed her petition in that court reciting in substance that in order for her to bring the administration of the estate to a close and make distribution [as she had been ordered to do] she had retained other attorneys and an accountant to prepare a complete and final accounting; and that the latter in the course of preparing the final accounting and conducting an audit of the administration of the estate had discovered various mistakes, oversights, errors and omissions in the manner in which the estate had been theretofore administered as well as in the “final accounting” which had been filed in April, 1963, some four years previously. Among those listed were the following: (1) the discovery of some $1800 in additional cash which had not been listed as an asset; (2) the discovery of certain underpayments by the estate to the several income beneficiaries of the trust (including Eva R. Rogers)[2]; (3) an underpayment to Eva R. Rogers of the compensation to which she was entitled for ordinary and extraordinary services; (4) the failure of the personal representative to have filed federal income tax returns for any of the eight years up to that time, with a resulting potential tax liability to the estate; (5) the failure of Eva R. Rogers as widow to have received a family allowance from the estate; and (6) an obligation on the part of Eva R. Rogers as widow to repay to the estate some $3,000 which she had theretofore collected as partial payment of dower.
*477 Some two months thereafter the personal representative filed a supplemental report and petition, together with her “tentative final accounting” wherein she set forth the efforts she had made to correct the foregoing discrepancies and deficiencies. As a consequence of the foregoing two petitions the probate court issued a series of orders dated February 12, 1968 (being immediately prior to the time respondent took office), the substance of which orders (a) authorized additional compensation to the personal representative (b) authorized a fee to her attorneys and her accountant for services in clearing up the deficiencies in her original final accounting, (c) authorized distribution of income to the income beneficiaries under the residuary trust, and (d) approved the “tentative final accounting” with the personal representative authorized to file a supplemental accounting which would set forth the assets then remaining on hand for distribution.
Respondent’s return to the alternative writ shows that after he took office, he entered an order on June 30, 1969, directing the personal representative to file a petition showing that distribution had been made in accordance with the order of February 25, 1966, minus monies paid out under the orders of the court entered February 12, 1968, plus any assets belonging to the estate that have been discovered and accounted for since February 25, 1966.
It is petitioner’s contention here that when this court affirmed the probate court’s order of February 25, 1966, directing distribution of certain assets, the dis-tributee became entitled to the specific assets and the exact amounts specified therein, and the probate court could make no order which would diminish one wit any of such assets, citing in support thereof Petition of Vermeulen, Fla.App.1960, 122 So. 2d 318. The principle upon which petitioner relies is adequately explained in the cited case and one with which we are in complete accord. See also Rinker Materials Corp. v. Holloway Materials Corp., Fla.App.1965, 175 So.2d 564, and cases cited therein. But we believe that the principle is not intended to be applied in the manner petitioner contends.
Respondent contends, and we believe correctly so, that the principle set forth in the foregoing case is intended to be applied in respect to the question which was brought before the court for appellate review and such holdings as are implicit in the decision rendered.[3] The opinion in the case of In re Estate of Rogers, Fla.App. 1967, 199 So.2d 741, clearly delineates that the question presented to this court for its determination at that time was whether the order of distribution was erroneous for failure to recognize the right of the widow to take dower, notwithstanding an earlier appellate court decision, In re Estate of Rogers, Fla.App.1965, 171 So.2d 428, holding that the widow’s election to take dower was not timely filed. Such was the sole question presented for appellate consideration, and this court’s affirmance of the order directing distribution was simply a determination that the probate court correctly omitted from such order of distribution any provision for the widow to take dower. When the mandate went down the probate court, in accordance with the principle of the cases cited above, had no alternative but to order distribution of the estate assets to be made without provision for the widow’s claim for dower. Had the probate court thereafter entered an order which would have attempted to recognize the widow’s claim for dower the court would have violated its clear duty to follow the mandate of this court. Such action would certainly justify this court’s issuance of an appropriate writ to enforce its judgment. But there is no showing here that the probate court has so acted ánd to the contrary, respondent’s return affirmatively shows that this court’s mandate has not been ignored nor that any effort has been made to alter or evade it.
*478 Essentially, petitioner’s complaint is that the several orders of the probate court entered February 12, 1968, authorizing payment of additional administration expense (together with distribution of accrued income to the income beneficiaries under the trust) diminished the estate assets available for distribution below the amount specified in the court’s order of February 25, 1966. Had our affirmance of that order irrevocably fixed the exact dollar value of assets which the personal representative was obligated to distribute, the several orders of February 12, 1968, would indeed have amounted to an improper attempt on the part of the lower court to alter or evade the effect of our judgment. But the scope of our mandate on the prior appeal has already been discussed. When our mandate was filed in the probate court, that court then had jurisdiction to administer the estate in a manner that was not inconsistent with our judgment. Included in that jurisdiction was the matter of allowing the personal representative, before making distribution, to retain from the funds in her hands a sufficient amount to pay the expenses accruing since the filing of her final report and her application for discharge. See Rule 5.430(d) P.G.R.
Whether or not the several orders of the probate court entered February 12, 1968, were in error is not a question before us at this time. We merely hold that in entering these orders the probate court did not act in violation of the prior mandate of this court, and that it has not been made to appear that either the respondent or his predecessor in office has failed to perform any non-discretionary act which we should now order to be performed.
The alternative writ is discharged and the petition dismissed.
McCAIN, J., and DRIVER, B. J., Associate Judge, concur.

. In re Estate of Rogers, Ela.App.1967, 199 So.2d 741.

. Neither decedent’s will nor the portions of the record which have been brought to this court disclose the basis upon which the personal representative has periodically distributed income directly to the income beneficiaries of the trust rather than to the trustee as provided by F.S. section 733.01(3), F.S.A. The propriety of such management is not before us on this appeal.

. For a general discussion of post review proceedings see Maloy, Fla.Appellate Prac. & Proc., § 36.01, et seq.