ON MOTION TO DISMISS
OWEN, Judge.
The County Judge’s Court of Palm Beach County in probate, entered its order dated October 14, 1970, determining that certain real property of the decedent was homestead property not subject to disposition by decedent’s will. A devisee of such property timely filed notice of appeal, but designated the appeal as interlocutory and presumably is perfecting the same under Rule 4.2, F.A.R., 32 F.S.A. The matter is presently before us on appellees’ motion to dismiss the appeal for lack of jurisdiction.
Our jurisdiction to review orders or decrees of the county judge’s court pertaining to probate matters is limited to review of final orders or decrees. Article V, Section 5(3), Constitution of Florida, 1968, F.S.A.; In re Estate of Leterman, Fla. App.1970, 238 So.2d 695; In re Maxcy’s Estate, Fla.App.1964, 165 So.2d 446; Biederman v. Cheatham, Fla.App.1964, 161 So. 2d 538. However, appellees concede, and in fact insist, that the order of October 14, 1970, which appellant seeks to have us review, is a final order, reviewable by full appeal under Rule 3.2, F.A.R. The timely filing of the notice of appeal conferred appellate jurisdiction upon this court even though the notice was improperly designated. Shute v. Keystone State Bank, Fla. App.1963, 159 So.2d 106. Thus, we clearly have jurisdiction, and the real issue is whether we should, in the exercise of our discretion, entertain the appeal when appellant has proceeded under Rule 4.2, F.A.R. rather than Rule 3.2, F.A.R.
While we do not condone a violation of the appellate rules we are reluctant to dismiss the present appeal where it appears that to do so would deprive appellant of any opportunity of appellate review of the order, and where our entertaining the appeal places no greater burden on appel-lees than would have been the case had the notice of appeal been properly designated and the appeal pursued under Rule 3.2, F. A.R. We will therefore exercise our discretion to treat this as a full appeal with appellees allowed ten days within which to file such cross assignments of error, additional directions to the clerk and designations to the reporter, as they deem necessary, and thereafter the progress of the appeal shall be in accordance with the time schedule provided under Rule 3.6, F.A.R.
The motion to dismiss is denied.
CROSS, C. J., and MELVIN, WOODROW M., Associate Judge, concur.