700 So.2d 434 (1997)
In re ESTATE OF George B. WALTERS, Sr., deceased.
G.B. WALTERS, Jr., Appellant,
v.
Lucille EDWARDS, Appellee.
No. 96-4042.
District Court of Appeal of Florida, Fourth District.
October 8, 1997.
*435 David N. Sowerby of Melville & Sowerby, P.A., Fort Pierce, for Appellant.
Brent Baris, Stuart, for Appellee.
PARIENTE, Judge.
This appeal arises from a final order on the personal representative's petition to construe the will of decedent, George B. Walters, Sr. (testator). We affirm the trial court's interpretation of the will, but reverse its findings concerning the status of appellee, Lucille Edwards (Edwards).[1]
*436 The pertinent provisions of the will consist of: a) a devise of real property to the testator's daughter; b) a devise of the testator's interest in agreements for deed to his son, appellant, G.B. Walters, Jr. (Walters); c) a directive to satisfy two existing mortgages encumbering real property on North 40th Street in Fort Pierce ("the 40th Street property"); d) a directive to pay off three promissory notes that the testator had co-signed with Edwards; e) a devise of the residual estate to Walters.
The personal representative accomplished all these directives except the one requiring her to satisfy the mortgages on the 40th Street property. The personal representative petitioned the court to construe the will concerning this directive.
According to Edwards' pleadings, she worked for the testator as his personal caretaker for the three years prior to his death and lived at the 40th Street property during that time. It is undisputed that two weeks after the will was executed the testator conveyed the 40th Street property to Edwards by quitclaim deed. The testator died approximately one year later.
A general rule of will construction is that the testator's intent as expressed in the will controls the legal effect of the testator's dispositions. See § 732.6005(1), Fla. Stat. (1995); Estate of Murphy, 340 So.2d 107 (Fla.1976); Barnett First Nat'l Bank of Jacksonville v. Cobden, 393 So.2d 78, 80 (Fla. 5th DCA 1981). This intent is to be given full force and effect to the extent possible so long as it does not violate the law or public policy. See Adkins v. Woodfin, 525 So.2d 447 (Fla. 4th DCA 1988). Both parties agree that the directive in the will to satisfy the mortgages on the 40th Street property is unambiguous. Neither party argued to the trial court that the will was ambiguous nor attempted to present extrinsic evidence to establish a latent ambiguity. See generally Fine Arts Museums Found. v. First Nat'l in Palm Beach, 633 So.2d 1179 (Fla. 4th DCA 1994); see also In re Estate of Jones, 472 So.2d 1299 (Fla. 2d DCA 1985).
Walters, the residuary beneficiary, asserts instead that the directive to satisfy the mortgage was extinguished because the testator divested himself of the property securing the debt prior to his death, but after the execution of the will. He argues that the principle of ademption should apply by analogy. Ademption occurs when a specific devise made in the will is no longer in the estate at the time of the testator's death. See Estate of Murphy; Hurt v. Davidson, 130 Fla. 822, 178 So. 556 (1937). We do not agree that the principle of ademption is applicable here because the testator's obligation to pay the mortgage debt existed at the time of his death. Thus, the conveyance of the property by quitclaim deed to Edwards after the will was executed did not nullify the testator's directive in the will to satisfy the mortgage debts on the property. See Estate of Jones.
There is nothing in the record to support Walters' contention that his father's intent at the time the will was executed concerning the satisfaction of the mortgages was to benefit him, not Edwards. Even if there were such an intent, "[i]n construing a will, it is the intention which the testator expresses in the will that controls and not that which he might have had in mind when the will was executed." Estate of Murphy, 340 So.2d at 109.
Additionally, the construction urged by Walters is not logical when considering the will as a whole. See Diana v. Bentsen, 677 So.2d 1374 (Fla. 1st DCA 1996) (when construing *437 a will the whole instrument is to be considered and a review of the entire testamentary scheme undertaken). The inventory of the estate shows that the only assets in the estate were real property and contracts for deed. As Edwards points out, Walters, as residuary beneficiary, received all the contracts for deed and all but one parcel of the real property. All but the vacant lots were encumbered by mortgages. If the intent were to benefit Walters, why would the testator have directed that only the mortgages on the 40th Street property be paid? In fact, following the directive to satisfy the mortgages on the 40th Street property would require that other property devised to Walters be sold, which would not benefit Walters.
Moreover, the directive to satisfy the mortgages appears in the same article directing payment of the unsecured promissory notes co-signed with Edwards, which also benefited Edwards. A review of the entire will and testamentary scheme reveals that the directive to pay the mortgage notes evinces the testator's intent to benefit Edwards, not Walters. The subsequent conveyance of the 40th Street property to Edwards is entirely consistent with the testamentary scheme expressed in the will.
The remaining issue addressed by the trial court's order was Edwards' status vis-a-vis the will.[2] The trial court correctly found that Edwards did not fit within the definition of a beneficiary set forth in the probate code because she was not the devisee of any real or personal property. See § 731.201(2). A devisee is "a person designated in a will to receive ... a testamentary disposition." See § 731.201(8),(9) (emphasis supplied).
The trial court further found that because Edwards owned the real property securing the mortgages on the date of decedent's death, she was a "third-party beneficiary of a pre-death debt" of the decedent and therefore a "creditor of the estate." Both parties agree that Edwards is not a creditor but disagree as to whether the trial court properly designated her as a third-party beneficiary.
The concept of a third-party beneficiary arises from contract law, see Caretta Trucking, Inc. v. Cheoy Lee Shipyards, Ltd., 647 So.2d 1028 (Fla. 4th DCA 1994), and has been applied in probate cases only to contracts to make a will. See Via v. Putnam, 656 So.2d 460 (Fla.1995), and cases cited therein. Edwards more appropriately fits within the broader designation of an "interested person" defined as "any person who may reasonably be expected to be affected by the outcome of the particular proceeding involved." § 731.201(21). The personal representative is required, pursuant to subsection 733.602(1), to "use the authority conferred upon him ... for the best interests of interested persons." As the owner of the property encumbered by the mortgages, Edwards clearly fits within the definition of an interested person because she benefits from the unambiguous directive in the will for the personal representative to pay the balance on the mortgage notes encumbering property she owned.
Accordingly, we affirm the trial court's finding that the will unambiguously directed the personal representative to pay the entire balance due on the two mortgages encumbering the 40th Street property. We reverse the trial court's determination that Edwards enjoys the legal status of a creditor as the third-party beneficiary of decedent's pre-death debt. We conclude that Edwards is more properly classified as an interested person in this probate matter. We remand for proceedings consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART.
WARNER and KLEIN, JJ., concur.
NOTES
[1] Because the order is a final order on a petition to construe a will that finally determined the personal representative's obligation, we review this as a final appeal. If the sole issue had been Edwards' rights under the will, we would have concluded that the order was not appealable because the parties advised us at oral argument that there may be further probate proceedings regarding Edwards' rights to estate assets. Rule 9.110(a)(2) of the Florida Rules of Appellate Procedure, added in 1997, provides for appellate review of orders in probate matters that finally determine a right or obligation of an interested person. See Amendments to the Florida Probate Rules, 683 So.2d 78 (Fla.1996). This amendment does not expand the types of probate orders that are now appealable, and does not abrogate prior case law holding that a party's right of appeal arises when there is a termination of judicial labor on the issue involved as to that party. See In re Estate of Bierman, 587 So.2d 1163 (Fla. 4th DCA 1991); see also In re Estate of Baker, 327 So.2d 205 (Fla.1976). The addition of the phrase "finally determined," which did not appear in former Florida Rule of Probate Procedure 5.100, expresses the intent of the rule to limit the number of appealable orders in probate matters.
[2] Because the personal representative apparently ignored the directive in the will to satisfy the mortgages, the parties advise us that Edwards lost the 40th Street property by foreclosure. Thus, Edwards' status may be an issue in subsequent proceedings.