899 So.2d 1272 (2005)
Kelley L. DEMPSEY, individually and as Personal Representative of the Estate of David L. Dempsey, Appellant,
v.
Bertha DEMPSEY, Appellee.
No. 2D04-2392.
District Court of Appeal of Florida, Second District.
April 27, 2005.
Robert C. Hill, Jr., Fort Myers, for Appellant.
Christopher G.L. Titus, Fort Myers, for Appellee.

Order Dismissing Appeal
WALLACE, Judge.
Kelley L. Dempsey, individually and as personal representative of the Estate of David L. Dempsey, deceased (the Personal Representative), appeals a probate court order determining the entitlement of Bertha Dempsey, the decedent's widow (the Widow), to the elective share. On our own motion, we directed the Personal Representative to show cause why this appeal should not be dismissed for lack of jurisdiction because the order on appeal is nonfinal and nonappealable. After reviewing the response, we conclude that we lack jurisdiction to hear this appeal because an order determining that a surviving spouse is entitled to the elective share is a nonfinal, nonappealable order. Therefore, we dismiss the appeal without prejudice to appeal a subsequent final order determining amount of elective share and contribution.
The decedent, David L. Dempsey (the Decedent), died on July 6, 2003. His last will made no provision for the Widow. She filed a timely election to take an elective share in the Decedent's estate in accordance with the elective share law, sections 732.201-.2155, Florida Statutes (2003). The Personal Representative filed an objection to the election. After a hearing *1273 on the objection, the probate court entered an order determining that the Widow was entitled to the elective share. The Personal Representative argues on appeal that the trial court's order is in error because the elective share law is unconstitutional. In view of our dismissal of this case, we will not address the Personal Representative's constitutional claims.
Florida Rule of Appellate Procedure 9.110(a)(2) authorizes appellate review "of orders entered in probate ... matters that finally determine a right or obligation of an interested person as defined in the Florida Probate Code." This rule became effective January 1, 1997. Amendments to the Florida Rules of Appellate Procedure, 696 So.2d 1103, 1107, 1122 (Fla.1996). Rule 9.110(a)(2) "does not abrogate prior case law holding that a party's right of appeal arises when there is a termination of judicial labor on the issue involved as to that party." Walters v. Edwards (In re Estate of Walters), 700 So.2d 434, 435 n. 1 (Fla. 4th DCA 1997). The question of finality "must be viewed from the perspective of the appellant who is challenging the order." Owens v. Swindle (In re Estate of Nolan), 712 So.2d 421, 423 (Fla. 2d DCA 1998). In this case, the finality of the order on appeal is controlled by the nature of the proceedings established in the Florida Probate Rules for the determination of the elective share.
Florida Probate Rule 5.360 establishes a two-step procedure for proceedings to determine the elective share. In the first step, the probate court must determine the surviving spouse's entitlement to the elective share. Fla. Prob. R. 5.360(c). This initial step determining the issue of entitlement is not one of the specifically designated adversary proceedings identified in Florida Probate Rule 5.025(a). If the probate court finds entitlement, it then proceeds to the second step and determines the amount of the elective share, the assets to be distributed to satisfy the elective share, and, if contribution is necessary, the amount of contribution for which each recipient is liable. Fla. Prob. R. 5.360(d). This second step is a specifically designated adversary proceeding. Fla. Prob. R. 5.025(a).
In this case, the probate court has completed only the first step in the proceedings to determine the elective share. Although the probate court has resolved the question of entitlement, the issues of amount, identification of assets, and contribution, if necessary, remain to be resolved. Judicial labor has not yet come to an end with regard to the rights and obligations of the Personal Representative. Hence the order on appeal is nonfinal and nonappealable.
We find support for our conclusion in the case of In re Estate of Rogers, 199 So.2d 741 (Fla. 4th DCA 1967). This decision is instructive by analogy because it addresses the finality of various probate court orders entered in the course of proceedings on a widow's election to take dower.[1] In Rogers, the Fourth District noted that a probate court order recognizing the right of the widow to take dower left further steps to be taken, i.e., assigning dower in specific assets. Id. at 742. The court held that a final judgment awarding dower to the widow in specific assets was final and appealable. On the other hand, the court said that an earlier probate court order recognizing the widow's right of dower and other intervening *1274 orders preliminary to the final judgment were administrative, procedural, and thus not appealable. Id. The Fourth District's analysis of the finality issue in Rogers in the context of proceedings on a widow's election to take dower is consistent with our assessment of the nonfinal nature of the order determining the Widow's entitlement to the elective share.
Appeal dismissed.
SILBERMAN, J., and THREADGILL, EDWARD F., Senior Judge, concur.
NOTES
[1] The elective share is a substitute for dower and curtesy, which have been abolished. See § 732.111, Fla. Stat. (2003); In re Estate of Anderson, 394 So.2d 1146 (Fla. 4th DCA 1981).