CLARK, J.
Buford Cody appeals the final order of the probate court which determined the boundaries of particular portions of real property to individuals, when no such specifics were contained in the will of Earler T. Martin, Jr. Also before this Court for review is the previous order of the probate court, entitled “Order Construing Will,” *755 which was not an appealable final order upon its issuance on March 8, 2012 because further judicial labor in the probate proceeding was contemplated. See Fla. R. App. P. 9.170. Because we find that the orders constitute reversible error, the orders are reversed and this cause remanded.
Mr. Earler T. Martin, Jr. and his wife, Cleo Myree Beck Martin, had prepared and executed their wills in 2007. Later that same year, Mrs. Martin passed away and Mr. Martin survived her. Pursuant to section 732.514, Florida Statutes, the devises in Mrs. Martin’s will vested in her devisees upon her death.
Mr. Martin died testate on January 16, 2010. Mr. Martin’s will specifically named “three (3) children, Buford Cody ... Melvin Cody ... and David Cody” and specified that “[a]ll references in this will to my ‘child’ or ‘children’ are to said named child or children.” Buford, Melvin, and David Cody were Mrs. Martin’s sons from a previous marriage, but there is no indication that Mr. Martin intended his property to pass to any other persons or that Mr. Martin’s references in his will to Buford, Melvin and David were mistakes or typographical errors.
Mr. Martin’s will designated Buford Cody as the personal representative (“PR”) of his estate.
The real property of the estate was addressed in paragraph 3.1, as follows:
(b) I devise the house and 12.5 acres located at 2800 Myree Lane, Pace, FL 32571, to my husband, Earler T. Martin, Jr. Should Earler T. Martin predecease me, then I devise the house and acreage in my son, Buford Cody, to divide between my heirs, as he sees fit and proper.
Mr. Martin’s devise “to my husband, Ear-ler T. Martin, Jr.” was obviously a typographical error — language copied from Mrs. Martin’s will and not re-worded to apply to Mr. Martin’s perspective. However, the parties agreed that this phrase was intended to refer to Mrs. Martin, in the event she survived Mr. Martin. Because Mrs. Martin predeceased Mr. Martin, the devise to the surviving spouse was ineffective and this alternative contingency gave effect to the subsequent phrase: “I devise the house and acreage in my son, Buford Cody, to divide between my heirs, as he sees fit and proper.”
Mr. Martin’s will also provided:
4.1 Residue. All the residue of my estate ... shall be divided among my heirs, as my Personal Representative see[s] fit. For my children who predecease, then their share of the estate shall be distributed to their descendants, per stirpes.
It was undisputed that none of the “children,” Buford, Melvin, or David Cody, predeceased Mr. Martin.
Buford Cody commenced the probate proceeding in the circuit court on July 25, 2011, by filing his petition for administration of the estate of Mr. Martin. § 733.202, Fla. Stat. His petition named Buford Cody, Melvin Cody, and David Cody, all of Santa Rosa County, Florida, as beneficiaries. Mr. Martin’s will was attached to the petition. No order admitting the will to probate and no order appointing Buford Cody the PR under the will was issued by the probate court. Fla. Prob. R. 5.235 (after petition for administration filed and will admitted to probate, court shall appoint qualified PR).
On September 7, 2011, two of the beneficiaries, Melvin Cody and David Cody, filed their objection to the petition for administration. § 732.212(3), Fla. Stat. Their objection did not challenge the validity of the will, the qualifications of the PR, the venue, or the jurisdiction of the court. In *756 stead, the brothers complained that Buford Cody had been disposing estate assets pri- or to being appointed PR by the court and without proper accounting of the value of the assets and proceeds of the sales. See § 733.604, Fla. Stat. (PR required to file verified inventories and accountings). No order addressing this objection is contained in the record.
Melvin and David Cody then filed their petition to construe will and determine beneficiaries in October, 2011 and amended this petition in November, 2011. They alleged that the administration of Mrs. Martin’s estate was still pending, case number 2008 CP 105, and that Mr. Martin had died “prior to receiving a deed to the property in Cleo’s estate.” They further alleged that Mrs. Martin had intended the 12.5 acres of real property with the house to pass to her husband if she predeceased him, and then in equal shares to her children when Mr. Martin died. However, they complained that Buford Cody planned to retain the entire parcel for himself rather than distributing it equally between the brothers. Accordingly, Melvin and David Cody sought an order from the court dividing “the estate up into roughly three equal shares as the personal representative sees fit to be distributed to the heirs.”
The trial court entered its Order Construing Will on March 8, 2012. Apparently, a hearing took place prior to this order, but no transcript of the hearing is contained in the record. Without further explanation, the trial court’s order stated that “[t]he intent of the testator, Cleo My-ree Martin, was to devise 6.25 acres to the remaining grandchild, Carolina Cody.” The trial court ordered the PR to define and distribute 6.25 acres of Mr. Martin’s estate’s real property to Carolina Cody, the daughter of David Cody, and divide the remaining 6.25 acres of the estate “among the heirs, Buford Cody, Melvin Cody and David Cody, at the discretion of the Personal Representative, Buford Cody.”
The Order Construing Will was not a final order for purposes of appeal because further judicial action was contemplated regarding the legal description of the parcels to be distributed to Carolina, her father, and her uncles. See Fla. R. App. P. 9.170(b); Dempsey v. Dempsey, 899 So.2d 1272 (Fla. 2d DCA 2005) (determination that beneficiary was entitled to share of estate not final until specific award was defined); In re Estate of Walters, 700 So.2d 434, n. 1 (Fla. 4th DCA 1997). Appellant’s notice of appeal of the probate court’s final Order Determining Boundaries of Property to be Distributed was effective to subject the earlier Order Construing Will to this Court’s appellate review. Fla. R. App. P. 9.170(e).
The Order Construing Will must be reversed for several reasons. First, the probate court’s order construing will is premature because the record does not contain an order admitting the will to probate or appointing Buford Cody the PR under the provisions of the will. “A will may not be construed until it has been admitted to probate.” § 733.213, Fla. Stat. While Mr. Martin’s will is self-proving, pursuant to section 732.503, Florida Statutes, and is thus admissible to probate without further proof pursuant to section 732.201, the probate court has not actually admitted the will to probate.
Next, the order erroneously states that the testator is Cleo Myree Martin and that Mrs. Martin intended a devise of her real property to Carolina Cody. Of course, the testator in the probate proceedings in this case is Mrs. Martin’s husband who survived her, Mr. Earler T. Martin, Jr. While Mrs. Martin’s intent might have been relevant to the adminis *757 tration of her estate, it is Mr. Martin’s intent, as expressed in his will, that is relevant to the probate of his estate. Carolina Cody is not mentioned in Mr. Martin’s will by name or description and David Cody, Carolina’s father and one of the specifically named beneficiaries in Mr. Martin’s will, did not predecease Mr. Martin. The Order Construing Will does not explain the finding that Carolina Cody should receive a distribution of real property with any finding that Mr. Martin’s will or portion thereof is invalid, unclear about the identities of the beneficiaries, or ineffective to dispose of all of the property in Mr. Martin’s estate. The probate court simply failed to recite any justification for its deviation from the terms of Mr. Martin’s will and its award of a portion of Mr. Martin’s estate to Carolina Cody.
Likewise, the probate court’s determination of beneficiaries, and particularly the determination that Carolina Cody should be a beneficiary of Mr. Martin’s estate, is unsupported by any finding by the probate court that section 732.105, Florida Statutes, should apply. Section 732.105 allows the determination of beneficiaries “when property passes by intestate succession or when the will is unclear and there is doubt about: (a) who is entitled to receive any part of the property, or (b) the shares and amounts that any person is entitled to receive.” See also Fla. Prob. R. 5.385. Buford Cody filed Mr. Martin’s will with his petition for administration and the probate court never made any finding that Mr. Martin’s property should pass by intestate succession or that his will left doubt about who is entitled to receive estate property or the shares and amounts any person is entitled to receive.
The probate court’s order determining boundaries of property to be distributed, specifically describing the parcel to be distributed to Carolina and further directing that the remainder of the real property be divided “in three equal shares between Buford Cody, Melvin Cody, and David Cody,” must also be reversed because the order contravenes the terms of Mr. Martin’s will without any explanation. It is well settled that “the testator’s intent as expressed in the will controls the legal effect of the testator’s dispositions.” Estate of Walters v. Edwards, 700 So.2d 434, 436 (Fla. 4th DCA 1997). The testator’s expressed intent “is to be given full force and effect to the extent possible so long as it does not violate the law or public policy.” Id.
Mr. Martin’s directive to the PR to divide both the real property described, and any residuary estate not specifically devised, “between my heirs, as he sees fit and proper” does not require the PR to equally divide the property. When a will devises estate property to a person, expressing the testator’s hope that the person “will honor all of [the testator’s] ‘requests,’ ” then “the unambiguous language of the [will] devises the entire residuary to [that person], who then has the discretion to honor [testator’s] requests.” Glenn v. Roberts, 95 So.3d 271, 273 (Fla. 3d DCA 2012). As stated in In re Estate of Barker, 448 So.2d 28, 31-32 (Fla. 1st DCA 1984):
The court may not alter or reconstruct a will according to its notion of what the testator would or should have done.... It is not the purpose of the court to make a will or to attempt to improve on one that the testator has made. Nor may the court produce a distribution that it may think equal or more equitable.
See also Owens v. Estate of Davis, 930 So.2d 873, 874 (Fla. 2d DCA 2006).
Here, Mr. Martin’s devise to Buford Cody vested Buford’s interest in the real property upon Mr. Martin’s death. § 732.514, Fla. Stat. The will’s lack of restrictions on Buford Cody’s discretion to *758 share the property with his brothers gave him the authority to divide it in any way he saw “fit,” including no division at all. The fact that his brothers disagreed with his actions did not render the will ambiguous or invalidate any portion of the will. In addition, the will did not provide any requirement that the brothers agree on a distribution of the estate property. The will specifically provided Buford Cody with the power and authority to decide how the property would be divided. The probate court’s orders devising the property to a person not named or described in the will and determining a particular division of the real estate as the court saw fit usurped Buford Cody’s authority under the will without legal basis.
The probate court’s order construing will, entered March 8, 2012, and order determining boundaries of property to be distributed, entered October 18, 2012, are REVERSED and this case is REMANDED for proceedings which comply with chapters 732 and 733, Florida Statutes, the Florida Rules of Probate Procedure, and applicable legal precedent.
ROWE and SWANSON, JJ., concur.