DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**WILLIAM GUNDLACH, III,** individually and as Co-Personal Representative of the **ESTATE OF WILLIAM GUNDLACH**,
Appellant,

v.

**JON ERIK GUNDLACH,** as Co-Personal Representative of the **ESTATE OF WILLIAM GUNDLACH** and Trustee of **WG III TRUST**,
**WILLIAM GUNDLACH IV, MARY CATHERINE GUNDLACH,
SARAH ELIZABETH GUNDLACH LAMBOUSY,
CHRISTOPHER CALLAWAY GUNDLACH,** and
**JOHN MACGREGOR GUNDLACH,**
Appellees.

No. 4D21-930

[May 25, 2022]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Mily Rodriguez Powell, Judge; L.T. Case No. PRC190005372.

Laura Bourne Burkhalter of Laura Bourne Burkhalter, P.A., Fort Lauderdale, for appellant.

Scott A. Weiss of Scott A. Weiss, P.A., Fort Lauderdale, for appellees.

CONNER, C.J.

Appellant, William Gundlach III, individually and as Co-Personal Representative of the Estate of William Gundlach, appeals the trial court's order dismissing with prejudice as untimely his amended petition for construction and declaration of rights under a testamentary trust. Additionally, Appellant seeks an appellate determination that certain provisions of the testamentary trust are contrary to public policy pursuant to section 736.0404, Florida Statutes (2021). Because we determine that Appellant's amended petition did not amount to a challenge of the validity of the will within the meaning of section 733.212(3), Florida Statutes (2021), we reverse and remand for further proceedings. We decline to address whether provisions of the testamentary trust violate public policy

or section 736.0404, because the issue was not ruled upon by the probate court and is premature for appellate review.

*Background*

The decedent, William Gundlach, Jr., was an attorney. This appeal concerns the probate of his last will and testament. The will names his two sons, Appellant and Appellee, Jon Erik Gundlach, as co-personal representatives of his estate. The will also names Jon as the trustee of a testamentary trust. Appellant's five children are beneficiaries under the testamentary trust, and they are the remaining appellees in this case. The grandchildren appellees filed an answer brief in this appeal and Jon filed a notice of joinder to the grandchildren's answer brief. All the appellees will collectively be referred to as "Appellees."

Article VIII of the will recites that the residuary estate be divided into two equal parts, with one part devised to Jon outright, and the other part devised to the "WGIII Trust" ("the Trust"). The will explained that initially the intent was to benefit both sons equally by leaving them both portions of the estate outright on the assumption both sons would leave their inheritance to their wives and biological children. That changed when Appellant's first wife and mother of Appellant's five children died. The will explained that Appellant then married a woman with two children from a previous marriage, after signing an antenuptial agreement which said that Appellant could give his second wife any assets he may acquire. The will expressed the decedent's fear that some or all the assets initially devised to the Appellant could be transferred, gifted, or devised by the Appellant to his second wife or that she might have a claim to them by virtue of her marriage. The will expressed the decedent's additional fear that Appellant's second marriage could potentially deprive Appellant's children of the decedent's assets, nullifying the decedent's intent that the assets would ultimately go to Appellant's five children. To address those fears, the will placed all the assets which Appellant would have received outright in a trust, so that Appellant would never have any direct or beneficial ownership interest in them whatsoever.

The will provided that the trustee of the Trust would be Jon, and that the term of the Trust would be for the life of Appellant. The stated purpose of the Trust is to provide, out of Trust income, full back up for all of Appellant's medical needs during his lifetime, with the balance of the income paid and divided among Appellant's children during Appellant's life, and that upon Appellant's death, the Trust would terminate, and all principal and undistributed income would be paid to Appellant's children.

2

Notwithstanding the above provisions, the will stated that if at the time of decedent's death or any time thereafter, Appellant is not married because of divorce, death, or otherwise, then the Trust shall not be established, and if established, it shall terminate, and all the assets which would have been placed in the Trust would be delivered outright to Appellant, provided Appellant first executed an irrevocable agreement between himself and his children agreeing that all assets he received from the estate will be conveyed only to his biological children and no others. The will stated multiple times the decedent's intent that one-half of his estate would ultimately go to Appellant's biological children.

After the decedent passed away, Appellant and Jon filed a petition for administration requesting the will be admitted to probate and that they be appointed co-personal representatives. The will was admitted to probate and Appellant and Jon were appointed co-personal representatives.

Subsequently, Appellant filed his "Amended Petition for Construction and Declaration of Rights" seeking (1) a determination as to the validity of all or part of the testamentary trust; (2) construction of the testamentary trust; and (3) a declaration of rights under the testamentary trust pursuant to section 736.0201(4)(a), (e)–(f)," Florida Statutes (2021).[1] Appellant asserted that the condition that he no longer be married in order to receive an outright bequest was unlawful and contrary to public policy. In Count 1, Appellant alleged he was in doubt as to whether the condition regarding his marriage can be given legal effect and requested a determination as to the validity of the condition imposed in the Trust that

---

[1] Section 736.0201(4)(a), (e)–(f) provides:

> (4) A judicial proceeding involving a trust may relate to the validity, administration, or distribution of a trust, including proceedings to:
>
> (a)  Determine the validity of all or part of a trust;
>
> . . . .
>
> (e) Ascertain beneficiaries; determine any question arising in the administration or distribution of any trust, including questions of construction of trust instruments; instruct trustees; and determine the existence or nonexistence of any immunity, power, privilege, duty, or right;
>
> (f)  Obtain a declaration of rights; . . . .

§ 736.0201(4)(a), (e)–(f), Fla. Stat. (2021).

3

for him to inherit a bequest outright, his current marriage must terminate. He further alleged that substantial legal and financial consequences depend upon the judicial declaration of rights and interest. In Count 2, Appellant sought a determination of the validity of all or part of the Trust under section 736.0201(4)(a), relating to the same conditions discussed in Count 1.

Appellees moved to strike Appellant's amended petition arguing that where Appellant's amended petition challenged the validity of the will, the challenge was untimely pursuant to section 733.212(3) because it was not filed within three months of his receipt of the notice of administration. Appellees argued that while the amended petition included reference to construction of provisions of the Trust, the crux of the petition sought to declare specific provisions of the will invalid. Appellees argued that Appellant's attempt to challenge the validity of provisions of the will was therefore untimely.

At the hearing on the motion, Appellant denied that the amended petition sought to attack the validity of the will, and argued that, instead, the amended petition sought construction and a declaration of whether certain will provisions should be given legal effect, such that the timeliness of the petition was not subject to the limitations of section 733.212(3). However, the probate court granted Appellees' motion and dismissed Appellant's amended petition as untimely pursuant to section 733.212(3). Following the denial of his motion for rehearing, Appellant gave notice of appeal.

*Appellate Analysis*

On appeal, Appellant contends the lower court erroneously treated his construction or declaration action as a will contest and held Appellant to the time limitation for an interested person to object to the validity of a will, as set forth in section 733.212(3). We agree.

Our recent decision in *Tendler v. Johnson*, 332 So. 3d 521 (Fla. 4th DCA 2021), is instructive. In *Tendler*, the decedent was the primary beneficiary of a separate trust created by his grandfather. *Id.* at 522–23. A provision in that trust granted the decedent a limited power of appointment over the trust's assets which could be exercised in favor of anyone except the decedent himself, his creditors, or his estate. *Id.* The decedent's will attempted to exercise the limited power of appointment contained in the separate trust. *Id.* After the decedent's will was admitted into probate, the decedent's brother did not file any objections to the validity of the will within the three-month limitation. *Id.* at 523. Subsequently, the personal

4

representatives of the will filed a petition for instruction in connection with the trustee's refusal to transfer all assets from the trust pursuant to the decedent's exercise of the special power of appointment in the will. *Id.* Upon being served formal notice of the petition for instruction, the decedent's brother asserted that the decedent's exercise of the limited power of appointment in his will was not effective because it attempted to appoint the assets in such a way that those assets could be used to pay the creditors of the decedent's estate, contrary to the provisions of the trust. *Id.* The personal representatives argued the brother's claim was untimely under section 733.212(3). Ultimately, the trial court ruled that the brother's challenge to the validity of the will was time-barred. *Id.* at 524.

On appeal, however, we concluded that the brother's claim "was not a challenge to the validity of the will within the meaning of section 733.212(3)." *Id.* In reaching this conclusion, we explained:

> Florida requires strict compliance with its statutory provisions in the execution of wills. *See* § 732.502, Florida Statutes (2018). The "will must be in writing," "[t]he testator must sign the will at the end," the testator must sign "in the presence of at least two attesting witnesses," and the "witnesses must sign the will in the presence of the testator and in the presence of each other." § 732.502, Fla. Stat. (2018).

> The probate of a will signifies that a will was properly executed and witnessed, and that the testator had testamentary capacity when executing the will. § 733.103(2), Fla. Stat. (2018) ("[T]he probate of a will in Florida shall be conclusive of its due execution; that it was executed by a competent testator, free of fraud, duress, mistake, and undue influence; and that the will was unrevoked on the testator's death.").

> The use of the word "validity" in chapter 733 pertains to the compliance with the technical requirements of execution—signatures and witnesses—and to the testamentary capacity of the testator—the required factors for a will to be probated.

> Section 733.107, Florida Statutes (2018), provides that "[i]n [a] proceeding[ ] contesting the **validity** of a will, the burden shall be upon the proponent of the will **to establish prima facie its formal execution and attestation**." § 733.107(1), Fla. Stat. (2018) (emphasis added). "Thereafter, the contestant shall have the burden of establishing the **grounds**

5

**on which the probate of the will is opposed or revocation is sought**." *Id.* (emphasis added).

Consistent with section 733.107, section 733.212(3), Florida Statutes (2018), provides that

> [a]ny interested person on whom a copy of the notice of administration is served must object to the **validity of the will**, the venue, or the jurisdiction of the court by filing a petition or other pleading requesting relief in accordance with the Florida Probate Rules on or before the date that is 3 months after the date of service of a copy of the notice of administration on the objecting person, or those objections are forever barred.

(emphasis added). Section 733.212(3)'s use of the term "validity of the will" relates back to the use of the same term in section 733.107, so it pertains to the admission of a will to probate or a revocation of probate. Here, Tendler challenges not the validity of the will but the effectiveness of the Decedent's attempted exercise of the Rison Trust's limited power of appointment in article 4 of the will. Tendler's challenge is outside of the three specific issues covered by section 733.212(3). That statute speaks of the "validity of the will," not of the "validity of the will or a part thereof."

*Id.* at 524–25 (alterations in original). Thus, we reasoned that both the brother and the personal representatives essentially sought to have the probate court construe a provision of the will. *Id.* at 525. We explained:

> A petition to construe a will is premature before the will has been admitted to probate. § 733.213, Fla. Stat. (2018) ("A will may not be construed until it has been admitted to probate."); *In re Est. of Dahl*, 125 So. 2d 332, 335 (Fla. 2d DCA 1960) (explaining that "[n]o petition or complaint for construction may be maintained in any court until the will has first been probated"); *Cody v. Cody*, 127 So. 3d 753, 756 (Fla. 1st DCA 2013) (holding that the order construing a will to determine beneficiaries was premature as "the probate court has not actually admitted the will to probate"); *First Nat'l Bank of Miami v. Risolia*, 200 So. 2d 260, 260 (Fla. 3d DCA 1967) (finding that "[t]he circuit court has jurisdiction to construe

6

the provisions of a will so long as the will has first been probated and the circuit court was the court first obtaining jurisdiction for construction").

*Id.* (alterations in original). We acknowledged that the brother's "objection to the effectiveness of the [d]ecedent's attempted exercise of the [trust's] power of appointment required the probate court to construe" that provision of the will in conjunction with the trust, but that "[t]his was not a challenge to the 'validity of the will' within the meaning of section 733.212(3)." *Id.*

Applying our analysis in *Tendler*, Appellant's petition in this case likewise did not challenge the "validity of the will" within the meaning of section 733.212(3). As discussed above, Appellant's petition sought (1) a determination as to the validity *of all or part of the testamentary trust*; (2) construction of the testamentary trust; and (3) a declaration of rights under the testamentary trust pursuant to section 736.0201(4)(a), (e)–(f), Florida Statutes (2021). Appellant's petition challenged the effectiveness of the provision of the will concerning the condition regarding his marriage. However, pursuant to *Tendler*, such a challenge in Appellant's petition to "all or part of the testamentary trust" created by the will did not amount to a challenge to the "validity of the will" as used in section 733.212(3), which *Tendler* explains refers to the technical requirements for a will to be probated.

As such, guided by the analysis in *Tendler*, we hold that section 733.212(3) does not bar Appellant's petition. Accordingly, the probate court erred in dismissing Appellant's petition as untimely under section 733.212(3). We reverse the order granting Appellees' motion and dismissing Appellant's amended petition with prejudice, and remand for further proceedings.

*Reversed and remanded for further proceedings.*

GERBER and KUNTZ, JJ., concur.

\*          \*          \*

***Not final until disposition of timely filed motion for rehearing.***